## STATE *v.* W. R. PARKER.

Men may not be arrested, imprisoned and released upon the judgment, or at the discretion of a Constable, or any one else: *Therefore,* where a Town Constable arrested a person who was intoxicated, without warrant, and imprisoned him in the " lock-up " until he became sober, when the Constable released him, having never carried him before a Magistrate or other person to have the charge investigated, he, the Constable, was guilty of an Assault and Battery.

*(Commissioners of Washington* v. *Frank,* 1 Jones, 446, cited and approved.)

This was an INDICTMENT for an *Assault and Battery,* tried before his Honor, Judge MOORE, at the Spring Term, 1876, of the Superior Court of PITT County.

On the trial below, the jury returned the following special verdict, to-wit :

(1.) That the defendant did arrest the prosecutor, Robert Starkey, and against his consent put him in the " lock-up," at Marlboro', and released him as soon as he became sober.

(2.) That the defendant was Town Constable for the village of Marlboro', and arrested and imprisoned Robert Starkey as he thought in discharge of his official duty, as he so declared at the time, though he had no kind of process upon which to make the arrest.

(3.) That Starkey at the time arrested and imprisoned, was intoxicated on or near the public streets of Marlboro', in full view of the citizens thereof, though at the time he was saying nothing and using no profane or vulgar language.

(4.) That the town of Marlboro' was incorporated, and the Commissioners had passed the following ordinance, which was in force at the time of the alleged assault :

" Any person found in a state of intoxication, or using vulgar or profane language, is declared a nuisance, and

shall incur a penalty not to exceed ten dollars for each offence."

Upon this special verdict his Honor adjudged the defendant not guilty, and discharged him.

From this judgment the Solicitor for the State appealed.

*Attorney General Hargrove,* for the State.
Defendant had no counsel in this Court.

BYNUM, J. Admitting that the ordinance in question is a valid one, it no where confers, and it could not constitutionally confer upon a constable, a ministerial officer, the power to arrest and imprison for a penalty incurred or for any other violation of law, except it may be for safe custody. Men may not be arrested, imprisoned and released upon the judgment or at the discretion of a constable or any one else. If the alleged offence be criminal in its character and committed in the presence of the officer, he may arrest and take the offender before a magistrate for trial. If the offence is penal only, and not a misdemeanor, the penalty can be recovered by action only. *Commissioners of Washington* v. *Frank,* 1 Jones, 436; Bat., Rev., chap. 111 sec. 20.

If the offence be a misdemeanor, then it must be tried as other misdemeanors. Here the prosecutor was not sued for the penalty of ten dollars imposed by the ordinance, nor was he arrested and taken before a magistrate for trial for a criminal offence; but the constable arrested and imprisoned him, not for safe keeping until he could be tried before a competent tribunal, but he imprisoned him until he became sober, according to his judgment, and then released him. The constable thus constituted himself the judge, jury and executioner. This is the best description of despotism.

It is unnecessary to decide whether the ordinance, from its generality and vagueness, is not inoperative and void.

Upon the special verdict, the defendant is, in law, guilty. There is error. This will be certified, to the end that the Court below may proceed to judgment.

PER CURIAM. Judgment reversed.