DERR BOGER v. CEDAR COVE LUMBER COMPANY ET AL.

(Filed 13 May, 1914.)

1. Appeal and Error—Case Settled—Exceptions.

Where in the statement of case the trial judge finds a certain matter relative to the controversy as a fact, and no exception has been taken, it will not be considered on appeal.

2. Attachment—Undertaking—Signing—Trials—Courts—Corrections —Appeal and Error.

In issuing a warrant of attachment the officer is directed by the statute, Revisal, sec. 763, "to require a written undertaking with sufficient surety," without prescribing any rule as to its execution, and a signing and delivery would be sufficient; and objection that the undertaking was not "subscribed," but was signed by the applicant to the justification instead of to the undertaking itself, is without merit; and were the objection otherwise tenable, upon the finding of the justice of the peace at the trial that the undertaking was intended to have been properly signed, but was signed at the wrong place by mistake or inadvertence, an order is properly made by him allowing the correction to be made.

APPEAL by defendant from *Webb, J.,* at December Term, 1913, of BURKE.

This action was commenced on 30 December, 1911, returnable on 30 January, 1912, to recover the sum of $67, due by account, with interest. At the same time a warrant of attachment was issued, returnable on the same day as the summons, and on the return day judgment was rendered by said justice, for the sum of $70.35, interest and costs.

On 1 February, 1912, a notice was issued to the Drexel Furniture Company to show cause on 3 February, 1912, why the conditional judgment rendered against it should not be made absolute, and to answer on oath what was due from it to the Cedar Cove Lumber Company, the defendant.

The furniture company appeared in answer to the notice, and at the same time the lumber company entered a special appearance, and moved the court to set aside the judgment rendered in the action and to vacate the attachment issued and to dismiss the action upon the following grounds:

(1) That no proper undertaking on the part of the plaintiff, with sufficient surety, conditioned as provided by section 763 of the Revisal of 1905, was required or taken by the justice's court before issuing the warrant of attachment therein as required by said section.

(2) That there has been no proper publication of the summons and warrant of attachment herein, as required by section 776 of the said Revisal.

The said justice having found as a fact that by oversight and mistake, R. R. Boger, the surety on the attachment bond or undertaking, had signed the verification of said bond or undertaking, but had failed to sign the bond or undertaking itself, made the order denying the motion of the Cedar Cove Lumber Company to vacate the attachment and dismiss the action, and allowed the said R. R. Boger to sign as surety on said bond or undertaking, on said 8 February, 1912; and the said Cedar Cove Lumber Company, having excepted, appealed to the Superior Court.

The appeal was heard at the December Term, 1913, of the Superior Court, and the Cedar Cove Lumber Company again put in a special appearance and renewed the motion to vacate the attachment and dismiss the action made before the justice.

The court, upon appeal, found as a fact that proper advertisement of the attachment proceedings, when issued before the justice of the peace, was made, and notice relative to same posted and given as the law directs; that the justice of the peace had the right and power under the statute to allow the said Boger to sign the bond at the time he did sign it, and that it was a mere inadvertence on the part of Boger not signing the bond in the proper place at the time the attachment proceedings were issued; that at the time the said Boger verified the said bond it was his intention to sign the bond at the proper place, and he really thought he had done so.

The motion of the defendant was denied, and it excepted.

Judgment was rendered in favor of the plaintiff, and the defendant appealed.

*S. J. Ervin for plaintiff.*
*Avery & Ervin for defendant.*

ALLEN, J.   His Honor has found as a fact that the summons
and warrant of attachment have been duly served, and there is
no exception to the finding.

The only irregularity, therefore, in the proceeding is that the
surety on the undertaking of the plaintiff signed his name to
the justification of the undertaking instead of to the under-
taking itself, and as to this his Honor finds that it was the result
of a mistake, and that it was the intention of the surety to sign
the undertaking, and he thought he had done so.

The statute (Rev., sec. 763) directs the officer issuing a war-
rant of attachment to "require a written undertaking on the
part of the plaintiff, with sufficient surety," but it fails to pre-
scribe any rule as to its execution, and a signing and delivery
would be sufficient.

The authorities make a distinction between statutes requiring
instruments to be signed and those requiring them to be sub-
scribed, holding with practical unanimity in reference to the
first class that it is not necessary for the name to appear on any
particular part of the instrument, if written with the intent to
become bound; and as to the second class, that the name must
be at the end of the instrument.

In *Richards v. Lumber Co.,* 158 N. C., 56, dealing with this
question, the Court said: "It is well settled in this State that
when a signature is essential to the validity of an instrument it
is not necessary that the signature appear at the end, unless the
statute uses the word 'subscribe.' *Devereux v. McMahan,* 108
N. C., 134.   This has always been ruled in this State in regard
to wills, as to which the signature may appear anywhere.   If
this is true of a 'signature,' it must also be true of the word
'countersign.'   It has been often held that the place of signing
is a matter of taste.   *Adams v. Field,* 21 Vt., 264; 36 Cyc., 441."

We are therefore of opinion that the surety signed the under-
taking when it was first filed, and that it was then valid and
binding on him.

We are further of opinion that if invalid, the court had the power to permit it to be filed afterwards. *Pharr v. Commissioners, ante,* 523.

Affirmed.