STATE v. J. E. GILL.

(Filed 4 April, 1928.)

**1. Criminal Law—Violation of City Ordinance—Burden of Proving Existence of Ordinance.**

Where the defendant is charged with violating a city ordinance it must be shown for conviction that the ordinance had been duly passed or enacted by the governing body of the town, and was in existence at the time in question.

**2. Same—Prima Facie Case.**

On appeal from the mayor's court convicting the defendant of violating an ordinance of the town, the certificate of the mayor of the existence of the ordinance at the time makes out a prima facie case of its existence under the provisions of our statute, C. S., 1750.

**3. Same—Evidence Sufficient to Rebut—Question for Jury.**

When the defendant, convicted of the violation of a city ordinance, on appeal introduces in evidence the minutes of the meeting of the governing authorities of the town, which does not show its passage on a certain date, it is not conclusive that the ordinance had not been passed, at some other time, against the statutory certificate of the mayor that it was in existence at the time of the defendant's conviction, and the question is determined by the verdict of the jury.

CRIMINAL ACTION before *Sinclair, J.,* at September Term, 1927, of WAKE.

The defendant was tried in recorder's court in the town of Zebulon for violation of "Miscellaneous Preventive Ordinance No. 15" for that the defendant did not display auto tags of the town of Zebulon as required by said ordinance. The defendant appealed from the judgment of recorder's court to the Superior Court of Wake County and was again convicted. He appealed, assigning error.

*H. L. Swain for defendant.*
*Attorney-General Brummitt and Assistant Attorney-General Nash for State.*

BROGDEN, J. The State offered in evidence a certified copy of the ordinance in controversy, the certificate being as follows: "C. M. Kavanough, being first duly sworn, deposes and says: That he is the mayor of the town of Zebulon; that the above is true copy of an ordinance of the town of Zebulon, the same being under the head of 'Miscellaneous Preventive Ordinances' is section 15 thereof; that said ordinance was in force at the time of the alleged violation of the same by J. E. Gill; that the same has been in force since 7 June, 1926." The defendant contended that the ordinance had not been properly enacted by the commissioners of the town of Zebulon and offered the minutes of the meeting of the board of commissioners of the town of Zebulon, held on 7 June, 1927, which was the date when the purported ordinances appeared to have been adopted. The minutes of said meeting failed to disclose any reference whatever to the ordinance. C. S., 1750, provides: "In the trial of appeals from mayors' courts, when the offense charged is the violation of a town ordinance, a copy of the ordinance alleged to have been violated, certified by the mayor, shall be prima facie

evidence of the existence of such ordinance." The affidavit of the mayor states that the ordinance had been in force since 7 June, 1926. Does the fact that the minutes of the meeting of the board of commissioners on 7 June, 1926, do not disclose any reference to said ordinance or the adoption thereof, rebut the prima facie evidence of the existence of the ordinance created by C. S., 1750? *Adams, J.,* in *White v. Hines,* 182 N. C., 275, said: "A prima facie case or evidence is that which is received or continues until the contrary is shown. It is such as in judgment of law is sufficient to establish the fact, and if not rebutted remains sufficient for the purpose." However, "a prima facie case, or prima facie evidence, does not change the burden of proof. It only stands until its weight is met by evidence to the contrary. The opposing party, however, is not required as a matter of law to offer evidence in reply. He may take the risk of an adverse verdict if he fail to do so. The case is carried to the jury on a prima facie showing and it is for them to say whether or not the crucial and necessary facts have been established." *Stacy, J.,* in *Speas v. Bank,* 188 N. C., 524.

A valid ordinance must be duly passed or enacted by the governing body when such governing body is acting in its official capacity. The minutes of the meeting of 7 June, 1926, fail to show the adoption of the ordinance on that particular date, but the minutes of that particular meeting are not conclusive upon the question "of the existence of such ordinance" as specified by C. S., 1750. The determination of this question was the function of the jury. We therefore conclude that the judgment is correct. *S. v. Abernethy,* 190 N. C., 768.

No error.