6852

MAYFIELD v. ATLANTA AND CHARLOTTE AIR LINE RY. CO.

ABATEMENT—TWO ACTIONS—FEDERAL COURT.—A suit in the State court against a lessor railroad company is not barred by the pendency of a suit on the same cause of action in the Circuit Court of the United States against the lessee railroad company, removed there by defendant from State court.

Before PURDY, J., Spartanburg, June, 1907. Affirmed.

Action by Alice Ida Mayfield against Atlanta & Charlotte Air Line Ry. Co. From order refusing to dismiss complaint, defendant appeals.

Messrs. Sanders and DePass, for appellant, cite: 57 S. C., 453: 93 U. S., 554: 99 U. S., 169: 103 Ky., 165: 14 Fed., 97: 4 Dill, 524: 2 Cliff., 322: 4 McLean, 233: 6 Biss., 502: 22 N. H., 21: Story Eq. Pl., Sec. 742: 72 Fed. R., 570: 3 McLean, 221: 29 Ind., 299: 89 Fed. R., 397: 98 N. W. R., 532: 25 C. C. A., 521: 47 C. C. A., 20.

*Mr. Stanyarne Wilson,* contra, cites: 58 L. R. A., 293, 410: 63 S. C., 374: 67 S. C., 514: 75 S. C., 326.

April 9, 1908. The opinion of the Court was delivered by

Mr. Chief Justice Pope. This is a suit for the recovery of twenty thousand dollars damages, because plaintiff alleges that her husband, J. O. Mayfield, was, on the night of the 15th day of September, 1903, in the city of Spartanburg, this State, killed by a train of the Southern Railway Company, operated on the track owned by the Atlanta & Charlotte Air Line Railway Company, while under lease to the Southern Railway.

The complaint sets out a detailed statement as to how the accident occurred. The defendant answered, denying all the allegations of the complaint, and for a defense says:

"For a defense defendant says that heretofore the plaintiff brought her action in the Court of Common Pleas for Spartanburg County against the Southern Railway Company, a corporation duly chartered and organized and operating railroads in this State, and which was owning the engine and cars and was operating the same, and was using, controlling and managing all of the tracks and railways belonging to this defendant at the time the injury occurred.

"That, thereafter, an order was obtained by the Court in which said cause was pending discontinuing said action on condition that the costs of the same were paid on or before the first day of September, 1906, and defendant says that said cause is still pending, the costs of which not having been paid as required by the order of the Court, and plaintiff should not be allowed to bring or proceed with this action.

"For a still further defense defendant says that the deceased was guilty of such negligence as contributed as a proximate cause to his death, in that, while under the influence of liquor, he walked on or near the track of the railway, where cars and engines were constantly passing and re-pass-

ing, at a time when the employees in charge of the engine and cars would not expect a person to be on said track, without looking or listening for an approaching engine or car, although the same could readily and easily have been seen by a person exercising due care, and at a place where there was ample room for a person, by exercising due and ordinary care, to have easily and readily avoided being struck by the same; and that the carelessness of the deceased as hereinbefore stated, caused or contributed to his death.

"Defendant further alleges that the deceased, in going on or near the track of the railway company at the time and place and in the manner in which he did so, assumed risks of being struck, injured and killed by a passing engine and cars.

"Wherefore, defendant demands that the complaint herein be dismissed with costs."

On May 31, 1907, the defendant served notice on plaintiff's counsel that the defendant would move before the Court on the 4th day of June, 1907, for an order discontinuing the present case until the costs in the case pending in the Circuit Court of the United States for the district of South Carolina, to wit: *Alice Ida Mayfield v. Southern Railway Company,* shall have been paid and the following additional notice: "That we will, on the records herein and on notice and papers heretofore served upon you on the call of the motion before his Honor, Judge Purdy, at Spartanburg, S. C., move to discontinue or suspend the above entitled cause until the case of the plaintiff against the Southern Railway Company is disposed of, on the additional ground that there is another action pending for the same cause of action between the plaintiff and the Southern Railway Company, the lessee of the defendant company herein."

The records referred to were a certified copy of the complaint and the answer thereto of the defendant, the Southern Railway Company, the petition for the removal of the cause to the United States Circuit Court, the usual bond in cases of removal, a certificate that said cause was placed on the

calendar of said Federal Court and thereafter came to trial at Greenville, which resulted in a mistrial and a certificate that at the October term of said Court a verdict was rendered in favor of the plaintiff for five thousand dollars, which was set aside by Judge W. H. Brawley; that on April 26, 1906, the following order was made:

"On motion of plaintiff's attorneys it is ordered that the cause be and is discontinued upon payment of costs, same to be paid on or before September 1, 1906.

"W. H. BRAWLEY,
U. S. Judge."

That these costs have never been paid.

At the hearing before Judge Purdy, the parties were fully heard and on July 22, 1907, Judge Purdy signed the following order:

"The plaintiff having sued the Southern Railway Company, and the cause being still pending in the Circuit Court of the United States for the District of South Carolina, suit was brought against the defendant in this Court, on the same cause of action. The defendant herein now moves to discontinue or suspend this action because of the other action in the United States Court. It appears that the Southern Railway Company had leased the railway of the defendant and was at the time of the act complained of operating the road as such lessee. It was, therefore, acting as the agent of this defendant, and could not escape liability if it committed a wrongful act. The plaintiff might sue the lessor and lessee together or they might be sued separately, having sued the lessee and that suit being in another jurisdiction, does not affect the liability of the defendant, as it was not sued there. The motion, therefore, must be denied."

The defendant appealed from this order upon the following exceptions and subdivisions thereof.

1. "Because his Honor, having found that the case of Alice Ida Mayfield, as administratrix, plaintiff, against the Southern Railway Company, defendant, is still pending in the Circuit Court of the United States for the District of

36—79

South Carolina, and that Southern Railway Company was lessee of the Atlanta & Charlotte Air Line Railway Company, and the agent of such company, and that the costs in said case had not been paid when this case was brought and this motion made, erred.

(a) "In not holding that, as the case of Alice Ida Mayfield, administratrix, against the Southern Railway Company was brought against the agent and lessee of the defendant herein, on the same cause of action as the present case, and as said cause is still pending, that this case should abate.

(b) "In not holding that, as this case was brought while there was a case pending in the Circuit Court of the United States for the District of South Carolina, between the same parties—or at least their privies—for the same cause of action, that this case should abate.

(c) "In not holding that, as this case was brought on the same cause of action as one now pending between the same parties—or at least their privies—in a court within the same jurisdiction, this case should abate.

(d) "In not holding that, as there is a case pending between the same parties—or at least their privies—for the same cause of action and in a court within the same jurisdiction, that this case is vexatious and should be abated.

(e) "In not at least holding that, as there is a case now pending in a court within the same jurisdiction on the same cause of action between the same parties—or at least their privies—and as the costs of said cause have not been paid, that this case should be suspended until the costs of the case pending in the Federal Court have been paid.

(f) "In not holding that, as there is a case pending in the Circuit Court of the United States for the District of South Carolina, which had previously been brought by the plaintiff on the same cause of action against the defendant— or at least its privy in law—and that, as said case was still pending in said Court, as a matter of comity, the Court would suspend this case until the cause pending in the

Federal Court was tried and disposed of, or at least until the costs in said cause were paid."

There is no longer any doubt in this State that suit may be brought either against the lessor itself, or the lessee: see *Bank* v. *Ry.,* 25 S. C., 216; *Bouknight* v. *R. R.,* 41 S. C., 415, 19 S. E., 915; *Parr* v. *Ry.,* 43 S. C., 197, 20 S. E., 1009; *Davis* v. *Ry.,* 63 S. C., 370; 41 S. E., 468; *Smalley* v. *R. R.,* 73 S. C., 572, 53 S. E., 1000, and *Franklin* v. *R. R.,* 74 S. C., 332, 54 S. E., 578.

The appellant, while not contesting the law laid down in these cases, insists that the plaintiff here should be debarred from the prosecution of this suit against the lessor because she has elected in the first instance to sue the lessee railway; but it must be borne in mind that, to a certain extent, the first suit against the lessee has been partially discontinued, though the legal effect of the condition of Judge Brawley in the order of discontinuance still retains that cause on the calendar of the Federal Court.

We have always understood that, until judgment upon the cause of action and the collection of the fruits of said legal contention are fully reaped, action may still be had either against the lessor or lessee to redress wrongs inflicted upon the plaintiff.

A similar condition of things exists against joint tort feasors, where, until judgment and recovery is actually had, suit may be maintained against any of the joint tort feasors.

It is true that there is only one cause of action, but, as we have held before, either lessor or lessee may be used thereon, to say that because the lessee has, under the law as it exists, transferred his action, which was begun in the State Court, to the Federal Court, that thereby the rights of the plaintiff have been swallowed up as against the lessor, can not be recognized.

It was held in the United States Supreme Court, in the case of *Gordon* v. *Gilfoil,* 99 U. S. Sup. Court Reps., 168, that the pendency of a suit in a State Court does not abate a suit upon the same cause of action in a court of the United

States, and, as was said by Judge Clifford, in the case of *Stanton et al.* v. *Embrey, Administrator,* 93 U. S. Rpts., 548, 554: * * * "It is insisted by the defendant in error that the pendency of a prior suit in another jurisdiction is not a bar to a subsequent suit in a Circuit Court or in the Court below, even though the two suits are for the same cause of action. * * * Repeated attempts to maintain the negative of that proposition have been made, and it must be admitted that such attempts have been successful in a few jurisdictions, but the great weight of authority is the other way."

The fact that the Southern Railway Company is a privy of the defendant at bar can have no effect; there are two entities, either one of which may be pursued as long as the cause of action remains unredressed.

We will not pursue the investigation further.

It is the judgment of this Court that the order appealed from should be and is affirmed.