### 10107

BOARD OF DIRECTORS v. LOWRANCE *ET AL.*

(97 S. E. 830.)

1. PLEADING — SUFFICIENCY OF COMPLAINT — LAW OR EQUITY.—A complaint is not subject to demurrer if it contains allegations entitling plaintiff to relief either on the law or the equity side of the Court.

2. BANKRUPTCY—STATE AND FEDERAL COURTS.—An action to set aside conveyances for fraud can be brought in State Court by a creditor notwithstanding bankruptcy proceedings against defendant, even though such proceedings be regarded as in the nature of an action in the Federal Court.

Before MEMMINGER, J., Richland, Spring term, 1918. Affirmed.

Action by the Board of Directors, etc., against Elizabeth G. Lowrance and others. From order overruling defendant's named demurrer, defendant named appeals.

Following are the exceptions for appeal:

That the presiding Judge erred in overruling defendant's demurrer to the complaint and in not sustaining same upon the several grounds therein stated:

First. That he erred in not sustaining the defendant's first general ground of demurrer that the complaint fails to show any equity and in not dismissing the said complaint thereunder because:

(1) Plaintiff's debt is not reduced to judgment nor has he exhausted his legal remedies thereon.

(2) Plaintiff has no lien upon the property, and is not in a position to require said funds applied exclusively to his alleged debt or claim should the transfers of said property be set aside.

(3) No facts are shown sufficient to entitle plaintiff to an equitable lien upon said property.

(4) Nor to establish a lien at all in this action to which the debtor, W. B. Lowrance, is not a party.

Second. That he erred in overruling the defendant's second general ground of demurrer, that the complaint upon its face shows:

(1) An action now pending by plaintiff against said debtor to establish the alleged indebtedness, and for judgment thereon, and that this action is premature until judgment, execution and *nulla bona* return thereon.

(2) A plain, adequate, speedy and effectual remedy at law for the collection of the alleged indebtedness, against the joint obligors of said debtor, W. B. Lowrance, and that until the exhausting of such remedies against them plaintiff is not entitled to equitable relief against this defendant.

(3) That such indebtedness and liability cannot be established in this action against the said debtor, W. B. Lowrance, or his joint obligors, to which he nor they are parties.

(4) That the obligation of said debtor, W. B. Lowrance, for which payment or security is herein sought, was an extension of credit to said debtor, after the execution, delivery, and recording of the conveyances herein sought to be set aside as voluntary, and after plaintiff had notice thereof from such recording, and plaintiff was, therefore, a subsequent and not an existing creditor and cannot question the validity thereof.

Third. That plaintiff has not legal capacity to sue, and that the action can be maintained, if at all, only by the trustee in bankruptcy.

Fourth. That the Circuit Judge further erred in holding that the action might be maintained by plaintiff provided it made the trustee a party defendant thereto, if counsel for defendant requested and desired this done, and in further holding that unless defendant's counsel applied to have said trustee made a party, the demurrer be overruled and the cause proceed without such party, the error being in holding there is any legal obligation or duty devolving upon this

defendant to aid or cure plaintiff's defective cause of action by asking for the joining of necessary parties to his action omitted by him.

*Mr. H. P. Green,* for appellant, submits: *Plaintiff cannot claim the satisfaction of his debt to the exclusion of the other creditors, for should the deeds be set aside the property would pass immediately to the trustee in bankruptcy.* 37 S. C. 214; 41 S. C. 50. *To set aside a deed because it is mala fide, the fraudulent intent must be alleged:* 64 S. C. 354. *In an action to set aside a voluntary deed no actual fraud upon the creditors being alleged or intended, it is necessary to allege judgment, execution and nulla bona returns:* 13 S. C. 451; 18 S. C. 533; 28 S. C. 101; 28 S. C. 314; 23 L. R. A. (N. S.) 1-7; 12 Cyc., p. 19 (3); 27 S. C. 408; 12 Cyc., pp. 10-26; Brandenburg on Bankruptcy, p. 538. See, also, chap. XI, sec. 38, p. 189; 23 L. R. A. (N. S.) 88, note "F." *Must exhaust remedies against joint obligors:* 23 L. R. A. (N. S.), p. 75. *Under heading "F." Pursuit of Joint Debtor. Has plaintiff the legal capacity to sue?* Brandenburg on Bankruptcy, p. 824; Loveland Bankruptcy, sec. 158; 10 L. R. A. (N. S.) 305-309 (W. Va.); 47 App. Div. (N. Y.) 554; 62 N. Y. Supp. 618; 102 U. S. 647; 103 U. S. 301; 60 S. C. 183; 84 S. C. 226; 27 S. C. 408; 2 S. E. 781; 80 S. C. 84; 33 S. C. 541.

*Mr. D. W. Robinson,* for respondent, submits: *Judgment, execution and return not necessary:* Bankruptcy Act, sec. 11a; 1 Fed. Stat. Ann. (2d Ed.) 630; 200 U. S. 535; 50 L. Ed. 585; 153 C. C. A. 140; 240 Fed. 101; Bank Act, sec. 57d; 1 Fed. Stat. Ann. (2d Ed.) 967; 23 S. C. 402-3; 33 S. C. 540; 43 S. C. 274; 42 S. C. L. (8 Rich.) 436; 16 S. C. L. (Harp.) 437; 84 S. C. 112; 101 S. C. 688; 25 L. Ed. 1004; 211 Fed. 533-4; 10 S. C. Eq. (Hill's Eq.) 302; 18 S. C. 526; 43 S. C. 274; 33 S. C. 541; 101 U. S. 688; 25 L. Ed. 1004; 46 Mo. 95; 3 Iowa 365; 11 Conn. 369; 63 Barb. 169; 20 Cyc. 692. *Lien on property not necessary:* 29 S. C. 407; 64 S. C. 223; 58 S. C. 407; 33 S. C. 540; 23

S. C. 402-3; Riley's Chan. Cas. (12 S. C. Eq.) 237; 84 U. S. 521; 21 L. Ed. 692. *Remedy against other parties. No answer:* Code of Civil Procedure, sec. 169; 17 S. C. 113; 10 S. C. 180. *Not necessary to make trustee party:* 17 S. C. 163, 203-4; 3 Strob. Eq. (22 S. C. Eq.) 334-8; Rich. Eq. Cas. 187; Riley's Ch. Cas. (12 S. C. Eq.) 246; 11 Am. & En. Ann. Cases 929; 10 L. R. A. (N. S.) 305; 187 U. S. 180; 47 L. Ed. 129-30; 4 Edwards Chancery (N. Y.) 653; 39 C. C. A. 219; 98 Fed. 657. *Renewal of debt not payment:* 2 Hill 530; McCord 454; 97 C. C. A. 467; 1 Rich. 112-114; 39 N. C. 334; 112 App. 4 (N. Y.) 806; 97 C. C. A. 467; 2 Rich. Law 244; 9 S. C. 76; 11 S. C. 547; 15 S. C. 80-81; 17 S. C. 499.

January 8, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to set aside certain conveyances for fraud.

The appeal is from an order overruling a demurrer to the complaint, on the grounds stated in the exceptions, which will be reported. A complaint is not subject to demurrer if it contains allegations entitling the plaintiff to relief, either on the law or the equity side of the Court.

The principal ground upon which, it seems, the defendants rely, is that the plaintiff has not exhausted its legal remedies, as there are no allegations in the complaint to the effect that there has been a return of *nulla bona.*

The authorities cited in the argument of the respondent's attorneys show that the exceptions raising this question cannot be sustained.

The objection to the complaint, on the ground that there is another action pending between the same parties, for the same cause, must be overruled, for the reason that it appears upon the face thereof that they are not the same.

The objection to the complaint on the ground that 'the plaintiff has not legal capacity to sue, and that the trustee in bankruptcy is the only proper party to bring such action, cannot be sustained, for the reason that the proceedings in bankruptcy do not prevent an action in the State Courts to set aside fraudulent transactions on the part of the bankrupt. *Pickens v. Roy,* 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128; *Metcalf v. Barker,* 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; *Bardes v. Hawarden Bank,* 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175.

Even if the proceedings in bankruptcy could be regarded as in the nature of an action in the Federal Court, the State Court in this case would have jurisdiction to determine the issues. *Hill v. Hill,* 51 S. C. 134, 28 S. E. 309; *Mayfield v. Ry.,* 79 S. C. 558, 61 S. E. 106; *Logan v. Ry.,* 82 S. C. 518, 64 S. E. 515.

Affirmed.