## Walker et al. v. Choate.

(Decided February 19, 1929.)

WEBB & WEBB for appellants.

HOLIFIELD & GARDNER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On August 28, 1919, J. E. Choate sold and conveyed by deed of general warranty to H. Swayne Walker a tract of land in Mississippi county, Mo., "containing 207 acres more or less." The consideration was $29,923.92,

of which $10,000 was paid in cash, and a deed of trust executed for the balance. Among the provisions of the deed was the following: "The party of the first part not to be responsible if less than 207 acres." On December 10, 1919, J. E. Choate conveyed to H. Swayne Walker a tract of land also in Mississippi county, Mo., purporting to contain 10 acres, and being all of the land south of the Hickman and East Paria road. The consideration for this deed was 8 notes of $116.07, each payable in from one to 8 years, respectively, and aggregating $928.56. These notes were secured by a deed of trust, not only on the original tract of land conveyed, but also on the 10-acre tract. Among other provisions the deed of trust contained the following: "It is agreed that should this land contain less than 213 68/100 acres, J. E. Choate will credit said note with the amount in acres less than the above number of acres at 139.00 per acre, or any part thereof." Afterwards H. Swayne Walker conveyed the two tracts of land to his father, C. L. Walker, who assumed the deferred payments.

On June 3, 1922, C. L. Walker, J. L. Glover, and J. R. Bryant executed to J. E. Choate a note for the sum of $991.54, payable 12 months thereafter. After its maturity this note was sold and transferred by J. E. Choate to his father, S. A. Choate.

In this action by S. A. Choate against C. L. Walker and the other payors to recover on the note for $991.54, the defendants counterclaimed for damages. The basis of the counterclaim is that, after the original conveyance, the grantor, J. E. Choate, represented that he had the land surveyed, and that there were nine additional acres; that this statement, which was made to both Swayne Walker and C. L. Walker was false, and that Swayne Walker relied upon the statement in executing the 8 notes for the second tract, and that C. L. Walker relied thereon in assuming the payment of the notes; that by reason of this fraud defendants were damaged in the sum of $1,500. They asked that this sum be set off against the notes sued on, and that they be given judgment for the balance. The reply, which was undenied, contained a general denial and certain affirmative allegations. At the conclusion of the evidence the court instructed the jury to find for plaintiff. Defendants appeal.

In view of the fact that the affirmative allegations of the reply were undenied, it is very doubtful whether under the pleadings there was any issue for the jury.

But, even if we take the position that the affirmative allegations of the reply were nothing more than an affirmative denial, it does not appear that the court erred in awarding the peremptory. Even if C. L. Walker's rights were the same as those of Swayne Walker, he did not elect to rescind, but merely counterclaimed for damages. He was not entitled to damages unless some damage was proved. As we see it, the proof does not show that the land conveyed by the second deed was nonexistent, but merely shows that it was separate and distinct from the original tract. C. L. Walker has the deed to the second tract. For aught that the evidence discloses, it is not only worth every cent of the purchase price, but is worth as a separate and distinct tract fully as much as if it were part of the original tract conveyed. In other words, there was a failure to show damages.

There is another ground on which the action of the trial court must be upheld. As said in the case of Comstock v. Ames, 1 Abb. Dec., 42 N. Y. 357: "A fraud is an individual and personal thing. It is a cause of complaint to the person only upon whom it is committed." That being true, injury caused by fraud in the sale of land does not run with the land, and hence a subsequent grantee has no right of action thereon. Lawrence. v Montgomery, 37 Cal. 183. It is true that C. L. Walker, who subsequently purchased from his son, Swayne Walker, claims that in the transaction between J. E. Choate and his son he represented his son as agent, and that he relied upon the representations in purchasing from his son. This fact we regard as immaterial. Though he acted as agent, and his principal could rely upon representations made to him, he was a stranger to the transaction in his individual capacity, and as such had no right to rely on the statement. The precise question was before the court in the case of McCane v. Wokoun, 189 Iowa, 1010, 179 N. W. 332. In that case plaintiff made to the cashier of a bank representations regarding the boundaries of his land solely to influence the action of the bank in making a loan on the land. It was held that, if the representations were false, and the bank was misled to its injury, a right of action accrued to it alone, and not to the cashier, its agent, although he subsequently bid in the land at plaintiff's auction sale, and claims to have relied on the representations. It follows that, even if both fraud and damage had been shown, neither C. L. Walker nor the other defendants, who were strangers to

the transaction in which the alleged fraudulent representations were made, were entitled to recover damages on their counterclaim.

Judgment affirmed.