13937

## FORSHUR TIMBER CO v. SANTEE RIVER CYPRESS LUMBER CO.*

(178 S. E., 329)

* (This case, decided in November, 1934, has never been reported in the State Reports.)

226

230

234

238

242

*Mr. M. W. Seabrook* and *Mr. S. K. Nash,* both of Sumter, S. C., Counsel for Appellant,

*Mr. L. D. Lide,* of Marion, S. C., and *Mr. W. C. Wolfe,* of Orangeburg, S. C., Counsel for respondent,

OPINION

November 7, 1934.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE CARTER:

This action was commenced in the Court of Common Pleas for Berkeley County, by service of summons and complaint, January 25, 1928. Soon after the commencement of the action, the complaint in the cause was amended, and all references in the record are made to the amended complaint instead of to the complaint. It is conceded that the complaint was amended in an immaterial particular.

The plaintiff, according to the allegations of the complaint, is a corporation, created under the laws of South Carolina, as well as the defendant, Santee River Cypress Lumber Company. As a basis for the action, the plaintiff alleges that it is the owner in fee simple and in possession of the following described tracts of land, in the county and State aforesaid:

"All of that piece, parcel or tract of land situate in St. James Goose Creek Township, Berkeley County, S. C., in Four Hole Swamp, containing two hundred ten (210) acres, more or less, bounded North by other lands of Marie H. Singletary, East by lands of John Wright, South by lands of Santee River Cypress Lumber Company, and West by lands of Cook & Company, formerly lands of Mrs. C. M. Williams (exclusive of three fishing lakes containing about five acres)."

"All that certain piece, parcel or tract of land containing Two Hundred Sixty-five (265) acres, more or less, situate in St. James Goose Creek Township, Berkeley County, South Carolina, and bounded North by lands of J. E. Singletary; East by lands of W. A. Jeffers, South by lands of W. A. Jeffers and E. A. Rudd and West by lands of Singletary."

"All that certain piece, parcel or tract of land situate in St. James Goose Creek Township, Berkeley County, South Carolina, containing Four Hundred Seventy-three (473) acres, more or less, and bounded North by lands of W. A. Jeffers, East by lands of J. E. Singletary, South by lands of

W. D. Singletary and West by lands of John Wright, commonly known as the Pye Place."

"All that certain tract of land in Berkeley County, State of South. Carolina, containing 110 acres, more or less, bounded: North by lands of formerly E. A. Rudd, now Forshur Timber Company, West by lands of Cook & Co., East by lands of D. W. Singletary and W. T. Singletary, and South by lands of Estate of Cyrus Mimms, this land being that portion in Four Hole Swamp, of the original tract of (410) Four Hundred Ten acres owned by the late E. V. Singletary."

The first tract, above described, is referred to as being a part of the tract known as the Stephen Smith tract, the second tract mentioned is alleged to be known as a part of the Prince Gaillard tract, the third mentioned is alleged to be known as a part of the E. A. Rudd tract; and the fourth tract described is alleged to be known as a part of the B. G. Russell tract.

The plaintiff further alleges:

"6. That the above described lands form one contiguous body, the lines of which are clearly defined and well established, the lines on the Western side thereof having been so established since the grant or grants thereof were made, and the lines on the Eastern side thereof having been so established when the property was purchased by the Plaintiff; that the said lands are timber lands, and, are, therefore unoccupied.

"7. That the Defendant Santee River Cypress Lumber Company owns or claims certain lands in the vicinity of the lands above described, and that it wrongfully claims that its lines should be so extended as to cover parts of each of the four parcels above described, and this action is brought for the purpose of determining such adverse claim of the said Defendant and the rights of the parties, respectively, pursuant to the provisions of Chapter I, Title XV, Code of Civil Procedure of South Carolina, 1922; and pursuant to the

said provisions all other persons unknown claiming any right, title, estate, interest in, or lien upon the aforesaid real estate are made parties to this action to the end that any and all adverse claims thereto may be determined and the Plaintiff's title quieted."

Upon these allegations the plaintiff prays that "its title to the real estate above described be quieted; that the adverse claims of the Defendants and any of them be adjudged invalid; and that Plaintiff have such other and further relief as may be just."

To the complaint, as amended, the defendant, Santee River Cypress Lumber Company, demurred, upon the ground that the plaintiff does not allege facts sufficient to constitute a cause of action for the relief demanded, for the reasons the complaint purports to set forth an equitable cause of action "without any allegation that the Plaintiff has no adequate remedy at law, or of the presence of any special equities entitling the Plaintiff to the relief claimed; on the contrary the Plaintiff has a full and adequate remedy at law by action to recover possession or otherwise."

The demurrer was heard by his Honor, Judge T. S. Sease, who, after due consideration, overruled the same.

After the demurrer was overruled, the defendant, Santee River Cypress Lumber Company, filed an answer, admitting the corporate existence of the plaintiff and of this defendant, under the laws of South Carolina, and denied all other material allegations of the complaint. In addition said defendant alleged by way of answer to plaintiff's allegations that it is the owner and is seized of a certain tract of land, described below, and alleges, in effect, that, if any of the lines of said tract of this defendant embrace parts of the said four tracts described in plaintiff's complaint, this defendant, Santee River Cypress Lumber Company, is the owner of same, and is seized and possessed thereof. Further answering the complaint, this defendant admits that the lands involved are timber lands and are unoccupied; that the said tract of land

described in the defendant's answer herein is situated in what is known as Four Holes Swamp, subject to the overflow of waters, and is impractical for actual residence or the usual uses of husbandry, and for that reason is unoccupied, but this defendant alleges that it is seized and possessed of the same, "including those portions in conflict with the plaintiff's title, in such manner and to such extent as lands of that character are susceptible of."

The tract of land which this defendant claims to be owner and seized and possessed of is described in defendant's answer as follows: "All of the land situate, lying and being in Four Hole Swamp; bounded North by lands now or formerly of G. W. Bell; East by lands now or formerly of Williams, of Rudd and others; South by lands of Thrower; and West by lands now or formerly of Bell, of Moorer, of Mimms, of Clarke and possibly of others: which lands are more fully shown by plats made by J. L. Gavin, Surveyor, one date June 4th. to 9th., 1900, and the other on June 6th. to 7th., 1900."

Further answering the allegations of the complaint, this defendant further alleges:

## "For A Second Defense

"1. This Defendant alleges it entered into the possession of the premises last above described under claim of title, exclusive of any other right, founding such claims upon written instruments, as being conveyances and plats of said land; and there has been by it the continuous, adverse, hostile, and exclusive and uninterrupted possession of the said premises included in said instruments, according to the uses of such lands, for more than ten years next before the commencement of this action such possession having been open, notorious, continuous and adverse to the plaintiff and to all the world.

"For A Third Defense

"1. The Plaintiff alleges that it, together with its predecessors and grantors, has been for more than twenty years next prior to the commencement of this action, in the continuous, exclusive, uninterrupted, undisputed and adverse possession and occupation of all of the land last above described, occupying and possessing the same, according to the uses of such lands, as its and their own, openly, notoriously, continuously and adverse to the Plaintiff, and its grantors and predecessors, founding such claims upon written instruments as being conveyances and plats of said land, exclusive of any other rights; and the Plaintiff alleges that it has good title to said land by adverse possession and the presumption of a grant.

"For a Fourth Defense

"1. (On information and belief) That over twenty years ago the purchaser of a portion of the premises last above described on which the premises described in the complaint overlaps, under a Sheriff's deed made by virtue of a valid sale for defaulted taxes, pursuant to Acts of the Legislature of the State, was put by the Sheriff, or entered into possession of said premises; the said purchaser being a grantor or predecessor in interest of this Defendant through whom it claims one of its titles; and no action for the recovery of said premises, nor for the recovery of the possession thereof, has been brought by the Plaintiff, nor by any one under whom the Plaintiff claims, within two years from the date of such sale, or from the time when the said purchaser was so put, or went into possession as aforesaid; and this Defendant further alleges that all of the taxes and levies for which the lands were so sold with the costs which may have accrued thereon, were not paid prior to the said sale, at the proper time, and to the proper authorized officials, for all of which reasons this action is now barred.

## "For a Fifth Defense

"1. This Defendant alleges that the Plaintiff, nor its predecessors, nor grantors, have been in possession of the premises in dispute in this action, nor any part thereof, during the period of ten years next before the commencement of this action; and that therefore this action is barred as against this Defendant."

Counsel for each of the parties consenting, his Honor, Judge William H. Grimball, issued an order referring the case to Frank K. Myers, Esquire, one of the Masters for Charleston County, to take the testimony in the case and report the same to the Court, together with his findings of fact and conclusions of law, with leave to report any special matter.

After taking testimony in the case, the Master made his report, which was adverse to the Defendant's contention and in favor of the plaintiff.

The Master having failed to rule upon the defendant's objections to certain facts of the testimony offered by the plaintiff, on motion of the defendant to recommit the case to him, his Honor, Judge C. J. Ramage, issued an order dated April 27, 1932, sending the case back to the Master for such rulings; and thereafter the Master filed a Supplementary Report, dated May 18, 1932. Thereafter the defendant filed exceptions to the Master's report, and in connection therewith counsel signed a stipulation to the following effect: "* * * On 29th. March, 1932, Counsel stipulated that each objection to evidence, or motion to strike out evidence, made by the Defendant on the face of the Record, or in the Defendant's 'Bill of Objections' heretofore made, in accordance with stipulation of Counsel, and overruled by the Master, shall be, and hereby is, specifically excepted to by Exception No. XLII, the same as if a separate exception were made to each and every such objection

or motion to strike out; and as if each respective objection or motion to strike out were set out separately therein."

The case was heard, on exceptions to the Master's Report, by his Honor, Judge William H. Grimball, who, after hearing full argument in the case, issued a decree confirming the Master's report. The defendant, Santee River Cypress Lumber Company, gave due notice of intention to appeal to the Supreme Court from the order of his Honor, Judge T. S. Sease, issued in the cause, dated March 21, 1930, and also from the decree of his Honor, Judge William H. Grimball, dated January 3, 1933, and from the Judgment entered, or to be entered, thereon. Before the matter was heard by the Supreme Court, the defendant, Santee River Cypress Lumber Company, served notice of motion to dismiss the complaint to be heard by his Honor, Judge C. C. Featherstone, presiding in the Ninth Circuit, for an order dismissing the complaint as amended, upon the ground, in effect, that the same did not state facts sufficient to constitute a cause of action, and upon the further ground that the Court had no jurisdiction of the subject in this suit under the statute referred to: "In that the only allegations to an alleged cause of action against the Defendant, Santee River Cypress Lumber Company, are that it owns or claims certain lands in the vicinity of the lands above described, and that it wrongfully claims that its lines should be extended to cover parts of each of the four parcels above described, and this action is brought for the purpose of determining such adverse claim of the said Defendant and the rights of the parties, respectively, pursuant to the provisions of Chapter 1, Title XV, Code of Civil Procedure of South Carolina, 1922."

In said notice the defendant further stated, in effect, that it is apparent upon the face of the said complaint that this is merely a suit to determine the location of boundary lines between adjoining owners brought under and entirely dependent upon the Act of the General Assembly approved March 25, 1916 (29 St. at Large, p. 928), embodied in

Chapter 1, Title 15, Code of Procedure of 1922, Sec. 926 *et seq.*, which does not authorize any proceedings to determine such matters, same being without the purposes, scope, or intent of said Act properly construed. Upon the hearing of this motion by his Honor, Judge Featherstone, his Honor, upon due consideration, issued an order overruling and denying the motion. The defendant, Santee River Cypress Lumber Company, pursuant to due notice, has appealed, also, from this order of his Honor, Judge Featherstone, to this Court.

By order of this Court, the appeals from all of the said orders were heard together. After carefully considering the entire record in the case, in connection with the briefs of counsel, it is our opinion that all of the orders appealed from should be affirmed. We agree with the conclusion reached by the lower Court, and it is therefore the judgment of this Court that the exceptions be and are hereby overruled and the judgment of the lower Court affirmed.

*Note:* Let the report of the Master and the decree of Judge William H. Grimball be incorporated in the report of the case.

MESSRS. ASSOCIATE JUSTICES STABLER and BONHAM, and MESSRS. ACTING ASSOCIATE JUSTICES W. C. COTHRAN and EUGENE S. BLEASE, concur.