HENRY MAYNARD AND WIFE, DESSIE MAYNARD, v. GENEVA MARTIN
    HOLDER, WIDOW; GRACIE HOLDER JONES AND ROBERT JONES,
    HER HUSBAND; CLOIE HOLDER WALL AND DUTCH WALL, HER HUS-
    BAND; BERDIE HOLDER WALL AND ROSCOE WALL, HER HUSBAND;
    VALLIE HOLDER HODGE AND ARTHUR HODGE, HER HUSBAND; AND
    NANNIE HOLDER JACKSON AND ALVESTA J. JACKSON, HER HUS-
    BAND.

(Filed 22 November, 1939.)

1. Quieting Title § 1: Statutes § 5d—
    The statute relating to actions to quiet title is a remedial statute and
    must be liberally construed.

2. Quieting Title § 1—
    An action to quiet title may be maintained to determine conflicting
    claims of title to a strip of land lying between the lands of the parties,
    C. S., 1743.

APPEAL by plaintiffs from *Stevens, J.*, at May Civil Term, 1939, of
WAKE. Reversed.

This was an action to quiet title to certain described land. Plaintiffs
alleged that the defendants wrongfully claimed title to a strip of land on
the northern side of plaintiffs' land adjacent to and adjoining lands of
defendants, and that the claim of defendants cast a cloud upon the title
of plaintiffs. Plaintiffs also alleged title by adverse possession. De-
fendants denied plaintiffs' title to the land referred to and denied that
defendants' claim constituted any cloud thereon. At the hearing, upon
the reading of the pleadings and arguments of counsel, the court below
held that the proper relief of plaintiffs was a suit in ejectment and not an
action to quiet title, and thereupon dismissed the action at the cost of
plaintiffs. Plaintiffs excepted and appealed.

*Stanley L. Seligson and John W. Hinsdale for plaintiffs, appellants.*
*Douglass & Douglass and Thomas W. Ruffin for defendants, appellees.*

PER CURIAM. It is prescribed by C. S., 1743: "An action may be
brought by any person against another who claims an estate or interest
in real property adverse to him for the purpose of determining such
adverse claims."

Giving a liberal construction to this remedial statute, it is apparent
that the court below was in error in dismissing this action. The plead-
ings were sufficient to raise an issue under which the court could proceed
to determine the rights of the parties. *Satterwhite v. Gallagher,* 173
N. C., 525, 92 S. E., 369; *Hardware Co. v. Cotton Co.,* 188 N. C., 442,
124 S. E., 756.

Reversed.