16099

TOLBERT v. GREENWOOD COTTON MILL
(48 S. E. (2d) 599)

44

*Messrs. Grier, McDonald, Todd & Burns,* of Greenwood, for Appellant,

*Messrs. Nicholson & Nicholson,* of Greenwood, for Respondent,

July 6, 1948.

OXNER, J.: This is an appeal from an order overruling a demurrer by defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action.

Plaintiff alleges that in 1904 he purchased from his brother, Robert R. Tolbert, seven acres of land adjoining other lands owned by him, immediately thereafter enclosèd said land with a fence, and has been in open and continuous possession of said property, holding same adversely to the defendant and all others, for a period of more than forty years; that the deed to the seven acre tract was not re-

corded and a number of years ago was destroyed by fire when his house was burned; that about two years prior to the commencement of this action, he agreed to sell the timber on both the seven acre tract and his adjoining land, at which time the defendant made some claim to the seven acres, and when he advised the defendant of his title and ownership, he was informed that there would be no further claim, but the purchaser of the timber refused to cut it after the dispute arose; that recently he sold said timber to the Greenwood Lumber Company, but when a sawmill was moved on said property defendant ordered the Greenwood Lumber Company not to cut or saw the timber and made claim thereto, whereupon the Greenwood Lumber Company refused to cut the timber while the matter was in dispute; that the Greenwood Lumber Company paid the purchase price in full but after the defendant made claim to the seven acres, the money was deposited with the Clerk of Court for Greenwood County to be held pending the determination of said dispute; that, on information and belief, within the last few years the defendant purchased some adjoining property that originally belonged to his brother, Robert R. Tolbert, but the land so purchased did not include any part of the land in dispute; and that the defendant's illegal and unwarranted action in interfering with his use and occupation of said property has "caused him much damage". The prayer is that said "land be declared to be the property of the plaintiff"; that the defendant be enjoined and restrained from interfering with plaintiff's use and possession of said property; and for damages in the sum of $2,000.00.

The Court below held that the complaint stated "a cause of action to quiet title to the lands in question".

It is well established that a complaint is not subject to demurrer if it contains any allegations entitling the plaintiff to relief either on the law or the equity side of the court. *Board of Directors v. Lowrance et al.,* 111 S. C. 295, 97 S. E. 830; *Flowers v. Price,* 190 S. C.

392, 3 S. E. (2d) 38; and that "a demurrer will not be sustained to a complaint even if it states a cause of action different from that to which the plaintiff supposes himself entitled." *Spigner v. Provident Life & Accident Insurance Co.,* 148 S. C. 249, 146 S. E. 8, 9.

We think the complaint states a cause of action authorized by Section 878 of the Code of 1942, which is as follows: "Any person in possession of real property, by himself or his tenant, or any person having or claiming title to vacant or unoccupied real property, may bring an action against any person who claims, or who may or could claim, an estate or interest therein, or a lien thereon, adverse to him for the purpose of determining such adverse claim and the rights of the parties, respectively."

Statutes of similar import have been enacted in a number of states. The purpose and effect of such statutes are to enlarge the power of the court to determine adverse claims to land so as to authorize the quieting of title in cases where an action would not lie under the strict rules of equity practice. They are designed to afford an easy and expeditious mode of quieting title to real estate. The statutory remedy is broader and more comprehensive than that formerly afforded by a court of equity. 44 Am. Jur., Quieting Title, Section 5, page 6; 51 C. J., Quieting Title, Sections 8 and 9, page 138 *et seq.* It is generally held that such a statute, being of remedial nature, should be liberally construed and be held to embrace all cases coming fairly within its scope. Referring to a similar statute of Nebraska, Justice Field, in *Holland v. Challen,* 110 U. S. 15, 3 S. Ct. 495, 498, 28 L. Ed. 52, said: "It is manifestly for the interest of the community that conflicting claims to property thus situated should be settled, so that it may be subjected to use and improvement. To meet cases of this character, statutes like the one of Nebraska have been passed by several states, and they accomplish a most useful purpose." In speaking of the effect of a statute of this kind,

the Supreme Court of North Carolina, in *Christman et al. v. Hilliard et al.*, 167 N. C. 4, 82 S. E. 949, 951, observed: "It deprives the defendant of no right, but affords him every opportunity of defending the validity of his title, but, in the interest of peace and the settlement of controversies, it allows his adversary to put it to the test of early judicial investigation, and does not compel plaintiff to wait on his pleasure as to the time when the inquiry shall be made, and thus give defendant an unfair advantage over him." Also, see *Satterwhite et al. v. Gallagher*, 173 N. C. 525, 92 S. E. 369; *Carolina Tennessee Power Co. v. Hiawassee River Power Co.*, 175 N. C. 668, 96 S. E. 99; *Maynard et al. v. Holder et al.*, 216 N. C. 524, 5 S. E. (2d) 535.

In *Forshur Timber Co. v. Santee River Cypress Lumber Co.*, 203 S. C. 225, 178 S. E. 329, it was alleged in the complaint that the plaintiff owned and was in possession of three certain tracts of land in Berkeley County and also of the timber and trees on another tract, which lands were unoccupied; that the defendant owned or claimed certain lands in the vicinity of the plaintiff's lands, and that defendant wrongfully claimed that its lines should be so extended as to cover parts of each of the four parcels mentioned; and that the action was brought for the purpose of determining such adverse claim of the defendant and the rights of the parties. The Court held that the allegations of the complaint came within the purview of the statute under consideration and that the complaint was not subject to demurrer. It was further contended, as does the defendant in the instant case, that the suit was merely one to determine the location of the boundary lines between adjoining landowners which was not within the scope or intent of said statute, but the Court held that the motion to dismiss the action on this ground was properly overruled.

Defendant has strenuously argued that the complaint does not contain all the elements essential to a cause of action in equity to quiet title or remove cloud

on title. But we are only called upon to decide whether it states a cause of action given by the statute mentioned, and we think it does. From the allegations of the complaint the adverse claim sought to be determined cannot be classified as merely imaginary or speculative. The alleged acts of the defendant are reasonably calculated to burden and embarrass the plaintiff in the full and proper enjoyment of his property and constitute a substantial basis for bringing the action. The suggestion is further made that there has been no trespass on the property, nor any showing of damage. But we do not understand that these elements are essential to this statutory cause of action.

Having reached the conclusion that the complaint alleges a cause of action under the statute mentioned, it is unnecessary to determine whether it states any other cause of action.

The order overruling the demurrer is affirmed.

BAKER, C.J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.