DR. JAMES P. PRESSLY, E. P. BARRON, GEORGE H. DAVIS, DR. E. A.
SLOAN, R. G. ELLIS AND D. O. DUNLAP, TRUSTEES OF THE ASSOCIATE
REFORMED PRESBYTERIAN SYNOD, AND JOHN M. HUNTER, JR.,
PARKS WELCH, HARRY BAKER, BOYD BEARD, HENRY DAVIS AND
PAUL MILLER, TRUSTEES OF THE SARDIS ASSOCIATE REFORMED
PRESBYTERIAN CHURCH, v. E. H. WALKER, C. B. BAIRD, J. M.
WALLACE, JR., TRUSTEES OF THE SARDIS PRESBYTERIAN CHURCH.

(Filed 2 December, 1953.)

**1. Pleadings § 19c—**

A pleading will be liberally construed in favor of the pleader and will
not be overthrown by demurrer unless it be fatally defective.

**2. Same—**

A demurrer admits the truth of all relevant facts well pleaded but does
not admit conclusions of law asserted by the pleader.

**3. Quieting Title § 1—**

The owner of realty may maintain an action against another claiming
an adverse interest to determine and quiet title, even though the owner
is not in possession and might maintain an action in ejectment.  G.S. 41-10.

**4. Same: Religious Societies § 3—**

The trustees of a religious denomination holding title to church property
for the benefit of local congregations which are members of its denomina-
tion may maintain an action to quiet title against the trustees of a local
congregation claiming to hold title in trust for a different denomination or
schism, and may join with them as plaintiffs the trustees of such local
congregation holding title for the benefit of the local congregation who are
members of plaintiffs' denomination.  G.S. 61-1, G.S. 61-2, G.S. 61-3.

APPEAL by defendants from *Pless, J.,* April Term, 1953, of MECKLEN-
BURG.  Affirmed.

Action by plaintiffs, trustees of Associate Reformed Presbyterian
Church, to remove cloud on title to church property.

The defendants demurred on the ground that the complaint does not
state facts sufficient to constitute a cause of action, and that there is a
defect of parties plaintiff or defendant.

From judgment overruling the demurrer, the defendants appealed.

*G. T. Carswell and Henry E. Fisher for plaintiffs, appellees.*

*Helms & Mulliss, John D. Hicks, McDougle, Ervin, Horack & Snepp for defendants, appellants.*

DEVIN, C. J.   It is a familiar rule that pleadings are to be given liberal construction in favor of the pleader, and that a complaint may not be overthrown by a demurrer unless it be fatally defective.   *Hollifield v. Everhart,* 237 N.C. 313, 74 S.E. 2d 706; *Bumgardner v. Fence Co.,* 236 N.C. 698, 74 S.E. 2d 32; *Blackmore v. Winders,* 144 N.C. 212, 56 S.E. 874.

A demurrer admits the truth of all relevant facts well pleaded but does not admit conclusions of law asserted by the pleader.   *McKinney v. High Point,* 237 N.C. 66, 74 S.E. 2d 440; *Mills Co. v. Shaw,* 233 N.C. 71, 62 S.E. 2d 487.

It is alleged that Dr. Pressly and others are trustees of the Associate Reformed Presbyterian Synod and under the rules of the church, as the governing board, hold real estate for the benefit of local congregations which are members of that denomination; and that John M. Hunter, Jr., and others are trustees of Sardis Associate Reformed Presbyterian Church, and said trustees hold title to certain described real property for the benefit of the local church and for the trustees of Associate Reformed Presbyterian Church.   For convenience the name of the church body represented by plaintiffs as trustees will be referred to as the ARP Church.

It is alleged that defendants E. H. Walker and others are trustees of Sardis Presbyterian Church.

It is alleged that the real property described has been owned and used by ARP Church and its congregation for many years, until July, 1952, when some of the members of Sardis ARP Church transferred their membership to Sardis Presbyterian Church and sought to transfer the property belonging to plaintiffs by appointing the defendants trustees of Sardis Presbyterian Church and occupying and using the property of plaintiffs.

Plaintiffs allege that the defendants are contending that title to the property followed the transfer of Membership to the Sardis Presbyterian Church, and have laid claim to the property and to the ownership and control thereof as if they had title to the same.

It is alleged that the defendants are wrongfully in possession of said property; that a number of the members of the church did not transfer their membership but remained loyal to the denomination known as ARP; that defendants' claim of title to said property for the congregation of said Sardis Presbyterian Church is wrongful and the possession of said church property and use thereof is wrongful and illegal, for that title

to this property is in the plaintiffs, trustees of ARP Church and of Sardis ARP Church; that this action is to remove cloud on the title of plaintiffs to this property and for the possession of the property which belongs to the loyal members of Sardis ARP Church, the title thereto being held by plaintiffs, trustees.

While the plaintiffs allege title and right of possession and use of the property in themselves as trustees, and that the defendants acting as trustees of a different denomination or schism, are in possession of the property and claim ownership and right to control and use the property, the statute seems to authorize one owning real property though not in possession to maintain an action against another claiming an adverse interest to determine and quiet the title. G.S. 41-10 provides that "An action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims." This statute is broad enough to cover an action to quiet the title to real property though the person sued may be wrongfully in possession, and plaintiff might have maintained ejectment. *Ely v. New Mexico and Arizona Railroad Co.,* 129 U.S. 291, where a statute in the same language as ours was construed. The complaint would not be demurrable merely for the reason that the allegations might be sufficient to support a possessory action. *Maynard v. Holder,* 216 N.C. 524, 5 S.E. 2d 535; *Satterwhite v. Gallagher,* 173 N.C. 525, 92 S.E. 369.

But the chief point of attack made by the demurrer upon the complaint is that the complaint deals only with trustees and does not make parties the members of the church for whose benefit the plaintiffs hold the legal title.

The statute G.S. 61-1 recognizes that religious bodies must act through and must appoint trustees, and G.S. 61-2 makes the following provisions in respect thereto: "Trustees may hold property. The trustees and their successors have power to receive donations, and to purchase, take and hold property, real and personal, in trust for such church or denomination, religious society or congregation; and they may sue or be sued in all proper actions, for and on account of the donations and property so held or claimed by them, and for and on account of any matters relating thereto. They shall be accountable to the churches, denominations, societies and congregations for the use and management of such property, and shall surrender it to any person authorized to demand it."

And G.S. 61-3 provides that all church lands and property given, granted or devised to any religious denomination shall remain forever to the use of that church or denomination; "and the estate therein shall be deemed and held to be absolutely vested, as between the parties thereto,

in the trustees respectively of such churches, denominations, societies and congregations, for their several use."

While there is no allegation that the trustees of ARP Synod are entitled to the possession of the particular property described in the complaint, it is alleged that those composing this board, under the rules of the church, as trustees of the governing board of the Synod, hold real property for the benefit of local congregations who are members of the ARP Church. Hence, it would seem the defendants cannot successfully complain of their inclusion as parties plaintiff in an action respecting the title of a local congregation of ARP Church.

We think the plaintiffs have alleged facts sufficient to survive a demurrer on the grounds set forth.

Judgment affirmed.