**Charles Rausch AYERS, Plaintiff,**

v.

**William ACKERMAN and Innkeepers, Inc., Defendants.**

**Civ. A. No. 70-814.**

United States District Court,
D. South Carolina,
Charleston Division.

March 30, 1971.

Henry Hammer, of Hammer & Bernstein, and Charles Porter, of Glenn & Porter, Columbia, S. C., for plaintiff.

Morris D. Rosen, Charleston, S. C., for defendants.

## ORDER

HEMPHILL, District Judge.

This matter is before the court on the motion of the defendants to dismiss. The notice of motion lists four grounds which the defendants urge require the dismissal of the action. The grounds urged are: (1) Failure to state a claim upon which relief can be granted; (2) Failure to join an indispensable party whose presence if joined under Rule 19, Federal Rules of Civil Procedure would destroy requisite diversity of citizenship; (3) Violation of the requirements that the action be prosecuted by the real party in interest; (4) Lack of requisite diversity of citizenship, the plaintiff's interest having been conveyed to him for the purpose of creating diversity jurisdiction.

The allegations of the complaint, which, except as hereinafter stated, are for these purposes taken as true, reveal the following situation. The plaintiff's mother, owner of certain commercial property in Charleston, entered negotiation with defendants concerning the development of that property. After quite extensive dealings with the defendants, plaintiff's mother, then in a state of financial embarrassment, in 1966 gave defendant a 50-year lease on the property to avoid foreclosure. It is alleged that the lease given to the defendants was obtained by fraud practiced by them upon the plaintiff's mother in the course of their business relationship. Some time after the grant of the leasehold to the defendants but immediately prior to commencement of this action, the plaintiff's mother conveyed the property to the plaintiff by general warranty deed for nominal consideration.

Plaintiff then instituted this action which he defines as an action to determine the validity of the adverse claim (the plaintiff's leasehold) and to remove that cloud from his title.[1] His prayer is that the lease be rescinded and declared invalid. The plaintiff is a citizen of North Carolina. His mother and the defendants are citizens of South Carolina. He argues that this court has jurisdiction by reason of diversity of citizenship and the requisite amount in controversy.

The rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) requires the application of the substantive law of South Carolina in determining whether the

---

1. South Carolina Code Anno. § 10–2401 (1962) provides: Who may bring action to determine adverse claim.—Any person in possession of real property, by himself or his tenant, or any person having or claiming title to vacant or unoccupied real property may bring an action against any person who claims or who may or could claim an estate or interest therein or a lien thereon adverse to him for the purpose of determining such adverse claim and the rights of the parties, respectively.

complaint states a claim for which relief may be granted. The wording of the South Carolina statute pursuant to which this action is brought is sufficiently broad to encompass an action by the landlord against the tennant.[2] The statute, however, does not create new substantive rights in land. It merely authorizes the bringing of suit to clear title. If the facts revealed in the complaint show that the plaintiff is not entitled to the relief sought, the complaint is subject to dismissal for failure to state a claim for which relief can be granted, notwithstanding the fact that the action is authorized by the statute.

Bearing that in mind, the first question to be determined is whether a plaintiff can compel rescission of a lease allegedly procured by fraud upon his predecessor in title. The court has found that question to be one of considerable difficulty. The plaintiff relies principally upon the case of Chance v. Buxton, 163 F.2d 989 (5th Cir. 1947) which as understood by this court is not fairly distinguishable from the present case. A number of cases cited in the annotation found at 110 A.L.R. 849 offer additional authority for plaintiff's position, though other cases in that annotation support defendant's position. Defendant cites numerous authorities which are generally to the effect that the grantee of a defrauded party may not collect money damages for fraud.[3]

■ The fact which convinces the court that the action is not maintainable in its present posture is the defendant's argument that it may be exposed to double liability. Defendant argues that if plaintiff is successful in this action and rescission is awarded, that that judgment would not protect it from a suit by the plaintiff's mother for damages. The defendants also urge that success in this action would afford no defense to subse-

quent suit brought by plaintiff's mother. It does not appear that the court considered the possible double liability of the defendant in the case of Chance v. Buxton, supra.

Subsequent to the argument in this matter, the court of South Carolina has had occasion to hold that one in the position of the plaintiff's mother in this action may maintain an action for damages after conveying the property to a third person. Lawson v. Citizens and Southern National Bank of South Carolina, S.C., 180 S.E.2d 206 (March 23, 1971). That result is entirely consistent with the reasoning of M'Graw v. Bookman, 3 Hill 265 (S.C.1837) which was an action for trespass brought after the plaintiff had sold the damaged property. The court explained:

> The defendant may have committed an irreparable injury to the land by cutting down timber which constituted the principal value of the land; and to say that he should not be answerable to some one would be an anomaly in the law, inconsistent with its justice and wisdom, which always give an adequate remedy for every wrong. It was said that the plaintiff could have avoided this consequence, by keeping the land till this case was decided. It would, indeed, be strange, if a defendant, by his own wrong and illegal proceedings could abridge the rights of the plaintiff in the free use and enjoyment of his land, by committing a trespass on it; that he could compel him to release a right of action for a trespass—because the plaintiff thought proper to sell the land. No such consequence will follow * * *. (At p. 267)

It is clear that plaintiff's mother can maintain an action for damages resulting from the alleged fraud. It does not stand to reason that the plaintiff, with-

---

2. The statute is remedial and should be liberally construed. Tolbert v. Greenwood Cotton Mill, 213 S.C. 43, 48 S.E.2d 599 (1948).

3. E. g., Graham v. La Crosse & M. R. R. Co., 102 U.S. 148, 26 L.Ed. 106 (1880);

Cohen v. Citizens Nat'l Trust & Savings Bank, 143 Cal.App.2d 480, 300 P.2d 14 (1956); Walker v. Choate, 228 Ky. 101, 14 S.W.2d 406; Pluto Oil & Gas Co. v. Miller, 95 Okl. 222, 219 P. 303; 37 Am. Jur., Fraud & Deceit, § 299 (1968).

out an assignment of his mother's cause of action, could compel rescission. The warranty deed given the plaintiff by his mother for nominal consideration would not constitute such assignment.

The above discussion also shows that there is merit in defendant's reliance upon Rule 19, Federal Rules of Civil Procedure as grounds for dismissal of this action. Sub-section (a) of Rule 19 provides that a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction of the subject matter of the action shall be joined as a party in the action, if, in his absence, complete relief cannot be accorded among those already parties; or the disposition of the action in his absence may leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.

Sub-section (b) of the Rule provides that if a person cannot be made a party, the court shall determine whether in equity or good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable.

Insofar as Sub-section (a) of the Rule is concerned, Dorothy Rausch Ayers cannot be joined as a plaintiff, which she would have to be, since she claims adversely to the defendants, inasmuch as she is a citizen of South Carolina and her joinder would deprive the court of jurisdiction. While the court could require that she be joined as a defendant, there exists no controversy between plaintiff and Dorothy Rausch Ayers. The court will consider a party in the light of his actual interest in the controversy, whether named as plaintiff or defendant, for the purpose of determining jurisdiction. Amerada Petroleum Corporation v. Rio Oil Co. (Wyo.) 225 F.Supp. 907.

The plaintiff indicates that his mother intended to and has transferred to him all her rights and interests in the property and the controversy. He says that his mother will make further assignment of her cause of action to him if that is necessary for the maintenance of this action. The court expresses no opinion as to the effect such assignment would have upon the present action. The law on the assignability of a cause of action for fraud and suit by the assignee for rescission in the present circumstance is not necessary to consideration of this motion as such assignment has not as yet been made.

At this point, it does not appear that 28 U.S.C. Section 1359 deprives this court of jurisdiction. The record does not show that conveyance from plaintiff's mother to him was of the sort contemplated by the statute.

Because of plaintiff's representation of his mother's intention regarding the controversy, the court is reluctant to grant the defendant's motion to dismiss. If the cause of action for fraud were assigned, the issues here would largely be moot. The Federal Rules of Civil Procedure are to be so construed as to secure the just, speedy and inexpensive determination of every action (Rule 1, Federal Rules of Civil Procedure). Rule 19 cautions the use of equity and good conscience in considering whether to dismiss an action for failure to join indispensable party. Rule 15 provides for liberal amendment of pleadings and the filing of supplemental pleadings setting forth events happening since the bringing of the action.

Therefore, the motion of the defendant for dismissal of this action must be granted unless within 15 days the plaintiff shall move this court for leave to file supplemental pleadings, stating in such motion that the plaintiff's mother has assigned to the plaintiff her cause of action against these defendants. In that event the defendants may renew the motion herein considered and state such additional grounds as they deem appropriate.

And it is so ordered.