M. DORSEY and wife v. SAMUEL H. ALLEN.

## Injunction.

An injunction will not be granted to restrain the erection of a planing mill and cotton gin (in process of construction) upon an allegation by plaintiff that the same, when completed, will expose his premises to increased perils of fire, and that the noise, &c., will render his dwelling unfit for a residence.

(*Barnes* v. *Calhoun*, 2 Ired. Eq., 199; *Ellison* v. *Com'rs*, 5 Jones Eq., 57; *Hyatt* v. *Myers*, 73 N. C., 232; *Simpson* v. *Justice*, 8 Ired. Eq., 115; *Eason* v. *Perkins*, 2 Dev. Eq., 38; *Wilder* v. *Strickland*, 2 Jones Eq., 386, cited and approved.)

MOTION for an injunction heard at Chambers in Henderson, Vance county, on the 27th of October, 1881, before *Gudger, J.*

The motion was refused and the plaintiffs appealed.

*Messrs. Edwards & Batchelor*, for plaintiffs.
*Mr. W. H. Young*, for defendant.

SMITH, C. J. The defendant having begun the erection of the necessary buildings for a planing mill and cotton gin, to be operated by steam on his lot adjoining that owned and occupied by the plaintiffs as their place of residence, this action is instituted to arrest the farther prosecution of the work upon the ground mainly that the proposed use of the houses when completed will expose their premises to increased perils of fire, and that the noise from working the machinery will render their dwelling uncomfortable and unfit for a residence. The complaint invokes the exercise of the restraining power of the court in this early stage of the enterpise, and insists that the defendant should build upon the rear part of his lot, where there is ample space equally convenient and accessible, and thus avert the apprehended danger of fire, and lessen, if not remove the annoyance occasioned by the operations carried on in the mill and gin house through the agency of steam power. The plaintiffs state that a division fence nearly eight feet high separates the respective lots, from which the defendant's buildings are removed but about nine feet; that the planing mill and gin house are one hundred and eleven feet apart, the first being 118 feet and the latter 39 feet from their kitchen, and respectively 170 and 67 feet from their dwelling, all the structures being of wood.

Numerous affidavits were produced and read upon the application for a preliminary restraining order, upon the examination of which we find no reasons for a dissent to

the conclusion reached by His Honor upon the hearing. Much of the testimony and largely that of the plaintiffs' express the apprehensions entertained by the witness as to the probable effects of the works when in full operation, in the disturbing noise produced and the increased perils of fire, and the consequent impairment in value of the plaintiffs' premises as a residence. Other testimony is as to the public convenience to be subserved by the additional means of ginning provided, and the public needs of the mill in furnishing building materials required in the thrifty and rapidly improving town in which it is located. Many of the witnesses say that the noise and disturbance of trains running on the railroad track, from which the plaintiffs' dwelling is distant forty yards, by night and day greatly exceed any caused by the defendant's operations, and while there is a concurrence in the opinion that these erections may become annoying and a source of discomfort to the plaintiffs and their family, rendering their residence less desirable and of less market value as such, the preponderance is greatly in favor of the public advantages to be derived from both establishments.

Some of the witnesses, and among them the defendant's engineer who has charge of the engine and is superintendent of the business, testify to the superior character of the machinery and the careful provisions against accidents, and say that very little noise is made by the running of the engine and gin, which then had been in use several days.

We reproduce these leading features in the testimony to show that while the buildings erected for the purpose of dressing timber and ginning cotton by the motive power of steam, are not necessarily nuisances and may become so under some circumstances, to be determined by the jury, it was eminently proper in the judge to decline to interfere in the case before him and stop the progress of the work, before the question of nuisance has been, or could be decided.

DORSEY v. ALLEN.

Nor was it necessary, for before operations were commenced there was no increased danger from fire, and no disturbing noise made requiring judicial interference, and the relief could be obtained after the results were definitely ascertained if the plaintiffs should be found entitled to it.

The nuisance if incidental and not necessary to the proper conduct of the business, or inherent and inseparable from it, could then be abated, and the defendant's knowledge of the pending suit would take from him all just cause of com· plaint when it should be so adjudged. But it would be an unwise exercise of power, upon such uncertainty as to the practical working of an undertakened enterprise, and its consequent effects, for the court to interpose and prevent its being carried out with its promises of substantial and lasting benefits to a community, because of the discomfort and inconvenience a single family or a small number of persons may experience from its presence in their vicinity, so inconsiderable when weighed in the scale with the public interests.

While it is true that a business lawful in itself may become so obnoxious to neighboring dwellings as to render their enjoyment uncomfortable, whether by smoke, noxious and offensive odors, noises or otherwise, and justify the protecting arm of the law, yet there must be the ascertained and not probable effects apprehended. When the anticipated injury is contingent and possible only, or the public benefit preponderates over the private inconvenience, the court will refrain from interfering.

" When an injunction is asked," says a recent author, " to restrain the construction of works of such a nature that it is impossible for the court to know until they are completed and in operation whether they will or will not constitute a nuisance, the writ will be refused in the first instance." High on Injunction § 488 and 489, note 1.

So too this extraordinary remedy of prevention will not

be granted unless it shall appear that the aggrieved party has no adequate redress or reparation for his injury in an action or in a succession of actions for the recovery of damages. 2 Black Rep. 545. " Where the injury is irreparable," declares Mr. Justice Story, " as where loss of health, loss of trade, destruction of the means of subsistence or permanent ruin to property may or will ensue from the wrongful act or erection, in every such case, courts of equity will interfere by injunction in furtherance of justice and the violated rights of property."—Eq. Juris. § 926.

In like manner Gaston, J. remarks, delivering the opinion in *Barnes* v. *Calhoun*, 2 Ired. Eq. 199 : But it (a court of equity) will only act in a case of necessity when the act sought to be prevented is not merely *probable but undoubted*, and it will be particularly cautious thus to interfere when the apprehended mischief is to follow from such establishments and erections, as have a tendency to promote the public convenience."

" It is settled in respect to private nuisances," remarks Manly, J. delivering the opinion of the court in the case of " *Ellison* v. *The Commissioners*, 5 Jones Eq. 57, the purpose of the complainant in which was to restrain the corporate authorities of the town of Washington from making use of a lot adjoining his own residence, as a place of burial for the dead, " that when the nuisance apprehended is dubious or contingent, equity will not interfere, but will leave complainant to his remedy at law ? "

" If a man," says Pearson, C. J. in *Hyatt* v. *Myers*, 73 N. C. 232, " instead of contenting himself with the quiet and comfort of a country residence, chooses to live in a town, he must take the inconveniences of noise, dust, flies, rats, smoke, soot and cinders, &c., and he cannot complain of the owner of an adjoining lot, by reason of smoke, soot and cinders (the subject of complaint in the case) caused in the use and enjoyment of his property, provided the use of it

is for a reasonable purpose, and the manner of using it is such as not to cause any unnecessary damage or annoyance to his neighbors."

We subjoin some additional references furnished by the researches of defendant's counsel in confirmation of what has been said : *Simpson* v. *Justice*, 8 Ired. Eq. 115 ; Wood on Nus. § § 788, 789, 791, 792; *Eason* v. *Perkins*, 2 Dev. Eq. 38 ; *Wilder* v. *Strickland*, 2 Jones, Eq. 386.

For these reasons it must be declared there is no error in the refusal of the restraining order and this will be cer-tified.

No error.            Affirmed.