TOWN OF GREENVILLE ET AL. v. STATE HIGHWAY COMMISSION.

(Filed 24 October, 1928.)

1. **Highways—Highway Commission—Injunctions Against—Equity.**

The action of the State Highway Commission in building the highways and bridges of the State is of public interest 3 C. S., 3846(a), and equity will not enjoin them in this work when injury by flooding lands may probably result in the future, there being an adequate remedy to the landowners at law in the defendant's right to condemn under the statute applicable.

2. **Same.**

Equity will not grant injunctive relief against the continued construction of a highway by the State Highway Commission when the injury to adjoining lands is speculative and rests only in conjecture as to resulting damages.

3. **State—Claims Against the State—Nature and Grounds Therefor—Highway Commission.**

The State Highway Commission is an unincorporated agency of the State, and an action sounding in tort will not lie against it, and the remedy, if any, is statutory only.

APPEAL by plaintiffs from a judgment rendered by *Grady, J.,* at Chambers on 26 February, 1928. From PITT. Affirmed.

*Julius Brown and F. M. Wooten for plaintiffs.*
*Charles Ross for defendant.*

ADAMS, J. The town of Greenville and the other plaintiffs who are landowners brought suit permanently to enjoin the defendant from completing, as now contemplated, the construction of part of a public high-

way in Pitt County, including a bridge across Tar River. The plaintiffs alleged that if the defendant builds the highway and bridge as contemplated the space under the bridge will be decreased approximately from 1,400 feet to 560 feet, and that the water and power plant of the town of Greenville will be injured and the lands of the other plaintiffs flooded. The defendant answered the complaint, and the motion of the plaintiffs to make permanent the temporary restraining order was heard upon the pleadings and upon affidavits filed by both parties. The trial judge found as facts, which are set forth in the judgment, that the lands of the plaintiffs are at times subject to overflow, and that the power plant of the town of Greenville is so situated that if the water of the river is ponded by dams or fills, it will probably be partially submerged and seriously injured; that in case of excessive rains the water rises in the river basin to such extent as to overflow the low grounds on the east side of the river; that there have been two floods within the last eighteen years which filled the lowgrounds of the river and caused the water to rise to the level of the railroad dam; that the defendant contemplates filling in a part of the roadway which will extend 560 feet farther in the direction of the bed of the stream; and that construction of the fill will not affect the flow of the water in the river bed at ordinary times.

It is contended by the defendant that the plaintiffs are not entitled to equitable relief and that they have ample redress under the law of eminent domain and by virtue of 3 C. S., 3846(bb).

Judge Grady being of this opinion dissolved the restraining order, and on the ground that the action is prosecuted solely for injunctive relief dismissed the action at the cost of the plaintiffs, and they excepted and appealed. In our opinion the judgment should be affirmed.

The defendant is engaged in a public enterprise. The purpose of the several statutes creating the State Highway Commission and defining its duties was to establish a system of highways for the State which should connect county-seats, principal towns, State parks, and principal State institutions, and should link up with State highways of adjoining States and with National highways into National forest reserves. 3 C. S., 3846(a) et seq. In determining the plaintiffs' asserted right to injunctive relief, we must not close our eyes to the probability of public inconvenience or loss. In Griffin v. R. R., 150 N. C., 312, it was held that it is against the policy of the law to restrain industries and such enterprises as tend to develop the country and its resources, and that such restraint should not be exercised except in extreme cases; and in Staton v. R. R., 147 N. C., 428, that the courts never enjoin the construction or use of public utilities and improvements at the suit of private individuals unless the damage is both serious in amount and irreparable in

character. The Court has also held that its equitable jurisdiction will not be exercised to stop the execution of a great enterprise when there is ample remedy either by the recovery of damages or by requiring the defendant to abate the injury by reducing the height of its dam—that is, when the damages are neither serious nor irreparable. *Rope Co. v. Aluminum Co.,* 165 N. C., 572; *Waste Co. v. R. R.,* 167 N. C., 340; *Jones v. Lassiter,* 169 N. C., 750; *R. R. v. Thompson,* 173 N. C., 258.

In the next place the anticipated injury is contingent and the Court will not act upon speculative proof or such as furnishes ground only for conjecture. *Dorsey v. Allen,* 85 N. C., 358; *Berger v. Smith,* 160 N. C., 212. Mere apprehension of an injury is not enough. It must appear that such apprehension is well grounded and that there is a reasonable probability of real injury for which there is no adequate remedy at law. 14 R. C. L., 354, sec. 57. True, the judgment recites as a fact the probability of injury; but in *Barnes v. Calhoun,* 37 N. C., 199, it is said that as a rule the court will exercise equitable jurisdiction only when the evil sought to be prevented is not merely probable, but undoubted. *Ellison v. Comrs.,* 58 N. C., 57; *Dorsey v. Allen, supra.* "The general rule is that an injunction will be denied in advance of the creation of an alleged nuisance when the act complained of may or may not become a nuisance according to circumstances, or when the injury apprehended is doubtful, contingent, or eventual merely. That is the universal law in all the courts of this country." *Hickory v. R. R.,* 143 N. C., 451.

The judge held also that the plaintiff has an adequate remedy at law. It is apparent that the plaintiffs cannot maintain an action against the defendant for tort. *McKinney v. Highway Commission,* 192 N. C., 670; *Latham v. Highway Commission,* 191 N. C., 141. The State Highway Commission is an unincorporated agency of the State charged with the duty of exercising administrative and governmental functions and is not liable to suit for trespass or tort. The only remedy afforded the plaintiffs is statutory. *McKinney v. Highway Commission, supra.* The defendant concedes that the ponding of water on lands belonging to the plaintiffs would be a taking for public use within the law of eminent domain, and that the plaintiffs upon sufficient proof would be entitled to a recovery at their election of permanent damages. *Eller v. Greensboro,* 190 N. C., 715; *Ridley v. R. R.,* 118 N. C., 996, 1009. The judgment of the Superior Court is

Affirmed.