W. G. TEMPLE, SR., AND LOUISE TEMPLE. v. R. A. WATSON, JR., ADMIN-ISTRATOR OF W. G. WATSON, DECEASED, AND K. R. HOYLE, SUBSTITUTED TRUSTEE.

(Filed 19 March, 1947.)

**1. Injunctions § 8—**

Upon the hearing of an order to show cause why a temporary restraining order should not be continued to the hearing, the court sustained defendants' demurrer on the ground of the failure of the complaint to allege facts sufficient to sustain any of the causes of action, with leave to plaintiffs to amend, and overruled defendants' demurrer for misjoinder of parties and causes. Defendants appealed. *Held:* Upon the sustaining

of the demurrer upon the first ground, defendants were entitled to have the temporary restraining order dissolved upon motion.

**2. Pleadings § 20½: Appeal and Error § 40j—**

The court sustained defendants' demurrer for failure of the complaint to state a cause of action and overruled the demurrer on the ground of misjoinder of parties and causes, and defendants appealed. *Held:* Upon the sustaining of the demurrer on the first ground there was nothing left to which the demurrer on the second ground could be directed, and the ruling of the court thereon presents no question requiring decision on appeal.

APPEAL by defendants from *Williams, J.,* at Chambers, 30 November, 1946. From LEE.

Plaintiffs instituted suit to restrain foreclosure sale, for an accounting, and for the recovery of the balance alleged to be due plaintiffs. Temporary restraining order restraining the sale was issued based on plaintiffs' complaint.

In their complaint the plaintiffs alleged that as heirs at law of Carrie Watson, deceased, they became the owners of certain real property which was subject to an outstanding deed of trust executed by a former owner to secure a debt originally in the sum of $2,400; that in 1940 when Carrie Watson died there was balance due on the debt of $759.18; that this was paid by W. G. Watson, surviving husband of Carrie Watson, and that he had the deed of trust assigned to him; that W. G. Watson, defendants' intestate, occupied the premises until his death in 1946, and that his estate is indebted to plaintiffs for rental value of said premises in the aggregate sum of $3,703.33, together with interest thereon in the sum of $748.25. It was further alleged that plaintiffs executed a deed to W. G. Watson, defendants' intestate, for a lot in Raleigh worth $400, which he sold and for which he did not account, and that his estate is indebted to plaintiffs for money had and received in the sum of $400; that plaintiffs are entitled to an accounting and to credit in the amounts stated, which would discharge the balance of the debt, interest and taxes, and entitle the plaintiffs to recover the difference, $3,514.56; that defendant administrator has procured the appointment of a substitute trustee, and has caused the advertisement by him of the land for sale under the power in the deed of trust. Plaintiffs ask that the sale be enjoined and for the recovery of $3,514.56 from the administrator.

Defendants demurred to the complaint and asked that the action be dismissed and the restraining order dissolved, (1) on the ground of misjoinder of parties and causes of action, and (2) for that the complaint does not state facts sufficient to constitute a cause of action, (a) with respect to rents, or (b) the value of the lot in Raleigh, or (c) allege

that legal payment has been made of an admittedly valid existing indebtedness secured by the deed of trust; and that plaintiffs have not set out sufficient facts to entitle them to the equitable relief prayed for.

The court below sustained the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action with leave to plaintiffs to amend, overruled the demurrer as to misjoinder, and continued the restraining order to the hearing.

Defendants excepted and appealed.

*D. E. McIver and Gavin, Jackson & Gavin for plaintiffs.*
*K. R. Hoyle for defendants.*

Devin, J.  On the hearing before the judge below, in answer to the notice to show cause why the temporary restraining order should not be continued, the defendants by demurrer challenged the sufficiency of the complaint to entitle plaintiffs to relief in any of the respects alleged. The court sustained the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action for the reasons and in the particulars pointed out by the demurrer.  The plaintiffs did not except.  The allegations of the complaint upon which the restraining order was issued having been by this ruling held insufficient, the defendants were entitled to have the restraining order dissolved.

The court having struck down as ineffectual plaintiffs' attempted statement of causes of action alleging discharge of the deed of trust, recovery of rents, and the value of the Raleigh lot, nothing was left to which the demurrer for misjoinder of parties and causes of action could be directed, and the ruling of the judge below thereon does not now present a question requiring decision.  Defendants were entitled to have the restraining order dissolved, and the order denying plaintiffs' motion therefor must be held for

Error.