E. Y. PONDER v. NORTH CAROLINA STATE BOARD OF
ELECTIONS, ET AL.

(Filed 7 June, 1951.)

**Injunctions § 1: Elections § 18a—**

A person to whom certificate of election has been issued may not enjoin
the State Board of Elections and others from investigating the election, it
being admitted that the defendants could do nothing to affect the title to
the office, since in such case no personal or property right of plaintiff is
threatened or endangered so as to entitle him to invoke the equitable juris-
diction of the court, nor could the complaint state a cause of action in his
favor.   G.S. 163-10 (11).

APPEAL by defendants from *Rudisill, J.,* in Chambers at Asheville,
N. C., 9 January, 1951.   From MADISON.

Civil action to restrain defendants from investigating or pursuing an
investigation in Madison County of alleged election irregularities in the
7 November, 1950, election pertaining to the offices of Sheriff and Repre-
sentative of the County.

The complaint alleges that the plaintiff was a candidate for Sheriff of
Madison County on the Democratic ticket in the 7 November, 1950,

General Elections, in opposition to Hubert Davis, the then incumbent sheriff, who was a candidate to succeed himself on the Republican ticket; that certain protests were filed before the County Board of Elections at which the canvass of the votes was had, involving the offices of Sheriff, Clerk and Representative; that after hearing said protests, the plaintiff was duly declared elected Sheriff of the County, issued his certificate of election and inducted into office on 4 December, 1950; that thereafter, Hubert Davis and R. S. Rice, defeated Republican candidates for Sheriff and Representative respectively, filed their protests with the State Board of Elections and attempted to support the same with a number of affidavits; that said protests were set for hearing by the State Board in Raleigh on 28 November, 1950, on which date, after full showing on both sides, the hearing was recessed until the morning of 6 December, 1950, the Chairman of the Board stating that he had requested the State Bureau of Investigation to make a complete investigation of the conduct of the election in Madison County including the protests filed by Davis and Rice; that the meeting of 6 December lasted all day and a second adjournment was taken until the 19th of December to permit the S.B.I. to complete its investigation, and that on the 19th of December, after receiving the report of the S.B.I. and considering the same, the State Board of Elections decided to conduct an additional and further hearing in Madison County on 8 January, 1951.

This action was instituted in Madison County 5 January, 1951, to restrain the defendants, the State Board of Elections and its individual members, from holding the proposed public hearing in Madison County on 8 January for the reason and causes, as set out in the complaint, that "no statement was made to the plaintiff or his counsel" at the hearing on 19 December, 1950, "nor has any been made since by said Chairman of said Board, or any member thereof, as to the nature of the meeting of the Board called for January 8, 1951, what investigation it proposes to make, the charges it proposes to examine into, and plaintiff is unable to obtain this information so as to enable him to produce proper witnesses—the only information plaintiff has obtained is that the hearing will be oral and that all parties, including the Election Board itself may subpoena witnesses to testify at said hearing and that thereafter the Board will consider all of the affidavits heretofore filed, the report of the investigation by the S.B.I. and said oral testimony, though plaintiff has no knowledge as to character of the S.B.I. report or whether the Board of Elections is seeking other and additional evidence than it has heretofore received or corroboration of the evidence it has already received, and plaintiff is advised and believes that said proposed meeting of the State Board of Elections in Madison County is not proper, not legally called and is in violation of the rights of the plaintiff to be informed of the nature of said

proceeding and further that the said Board of Elections is without authority to hold said meeting or hearing for the purpose of determining the vote cast for the office of Sheriff and Representative in the General Election held in Madison County, North Carolina on November 7, 1950, for that the Superior Court has exclusive original jurisdiction of said matter."

It is further alleged that title to the office of Sheriff of Madison County is presently at issue in a *quo warranto* proceeding pending in the Superior Court of the county; that the defendants are undertaking to usurp the functions of the court in the matter, and that the investigation which the defendants propose to make, as plaintiff is informed and believes, is not in good faith, is unlawful, and will result only in embarrassment, intimidation, and a disturbing nuisance.

The defendants interposed a demurrer to the complaint on the grounds:

1. That the State Board of Elections, an agency of the State, is immune from suit without legislative permission, which has not been given;

2. That the complaint does not state facts sufficient to constitute a cause of action;

3. That the facts alleged are not sufficient to invoke the equitable jurisdiction of the court.

Demurrer overruled; exception.

The defendants filed answer admitting that they had no power to change the results of the election or to revoke any of the certificates of election, and further conceding that their only authority and purpose was to investigate alleged election irregularities, which by statute, G.S. 163-10, subsection 11, they are authorized to do, and report such findings, if any, to the Attorney-General or the solicitor of the district.

The defendants were restrained from holding the contemplated hearing in Madison County "as regards the offices of Sheriff and Representative for said County." Exception.

Defendant appeals, assigning errors.

*J. Walter Haynes, A. E. Leake, and Shuford, Hodges & Robinson for plaintiff, appellee.*

*Attorney-General McMullan and Assistant Attorney-General Moody for defendants, appellants.*

STACY, C. J. The first question for decision is whether the complaint states facts sufficient to constitute a cause of action or to invoke the equitable powers of the court. The trial court answered in the affirmative. We are inclined to a different view.

The demurrer should have been sustained on the second and third grounds set out therein. The complaint reveals no personal or property

right of the plaintiff which is threatened or endangered by anything the defendants propose to do. Conversely, it is alleged the defendants can do nothing to affect the title to the office of Sheriff which the plaintiff holds, and this is admitted. The plaintiff has "jumped before he is spurred." *Warren v. A. C. L. R. R.,* 223 N.C. 843, 28 S.E. 2d 505. The facts alleged are not sufficient to attract the attention of a court of equity or to invoke its jurisdiction. *Greenville v. Highway Com.,* 196 N.C. 226, 145 S.E. 31, and cases there cited; 28 Am. Jur. 216, *et seq.* Nor is it deemed essential or presently pertinent that we animadvert on allegations *dehors* the field of equity or which linger outside its province.

In this view of the matter, the remaining exceptions become moot or academic. The restraining order entered below will be vacated, the action dismissed, and the plaintiff taxed with the costs.

Reversed.