T. B. RHEINHARDT AND GLENN HEMPHILL, ON BEHALF OF THEMSELVES AND SUCH OTHER CITIZENS OF GASTON COUNTY AS MAY CARE TO JOIN, V. W. HARRELSON YANCEY, MAYOR, AND ED C. ADAMS, R. A. FERGUSON, ED COFFEY, NATHANIEL BARGER, MARSHALL T. RAUCH AND A. D. DAVIS, MEMBERS OF THE CITY COUNCIL OF THE CITY OF GASTONIA, NORTH CAROLINA.

(Filed 1 December, 1954.)

**1. Municipal Corporations § 3—**

Where, at a meeting of the governing body of a municipality to consider the question of annexing adjacent territory, a petition, requesting a referendum, signed by more than 15% of the qualified voters resident in the area proposed to be annexed, is filed, there can be no annexation of the area unless and until a majority of the qualified voters therein vote in favor thereof in an election called and conducted as prescribed by statute, and in the absence of such election any attempted annexation by ordinance or otherwise would be void.   G.S. 160-446.   G.S. 160-448.   G.S. 160-449.

**2. Injunctions § 4g—**

Ordinarily, equity has no jurisdiction to interfere with the enacting of an ordinance by the governing body of a municipality in the exercise of powers that are legislative in character.

**3. Same—**

Even when it appears that a proposed ordinance would be void or unconstitutional, equity will not enjoin the passage of the ordinance unless it appears that irreparable injury will result to plaintiff from its mere passage.   If plaintiffs would be injured by the enforcement of such ordinance, the remedy is to enjoin such enforcement, in which action the municipality would be a necessary party.

**4. Same: Municipal Corporations § 3—**

This action was instituted to restrain the governing body of a municipality from passing an ordinance annexing certain territory without first

holding an election as required by G.S. 160-446. *Held:* Demurrer to the complaint should have been sustained, since equity will not enjoin the passage of the ordinance even though it would be void. If the municipality should undertake or threaten action under such ordinance which would cause irreparable injury to plaintiffs, they would not be without adequate remedy.

**5. Injunctions § 8—**

Where, in an action instituted solely for the purpose of obtaining an injunction, demurrer to the complaint is sustained, the temporary order issued in the cause must be dissolved.

APPEAL by defendants from *Armstrong, Presiding Judge* of the Fourteenth Judicial District, heard 19 August, 1954, in Charlotte, N. C., from GASTON.

Plaintiffs seek to restrain defendants from passing ordinance annexing to the City of Gastonia the territory described in Exhibit B of the complaint without first holding an election as required by the provisions of G.S. 160-446.

Upon the verified complaint, treated as an affidavit, Rudisill, J., signed an order restraining the defendants, their agents, attorneys and representatives, until further orders of the court, from proceeding "with the passing of any ordinance annexing the territory described in EXHIBIT B attached hereto, or any part of same to the corporate territory or to the municipal territory of the City of Gastonia, and that the said defendants are hereby forbidden to do anything further toward the annexing of said territory described in said petition and in EXHIBIT B attached hereto until further orders of this Court"; and at the time and place designated the cause came on for hearing before Armstrong, J., on return of the order to show cause "why this injunction and restraining order should not be continued to the hearing of this cause in the Superior Court at term time." The defendants then filed a "Special Appearance and Motion to Vacate Injunction," which was denied. The defendants also filed a demurrer, the ground assigned being that the complaint fails to state facts sufficient to constitute a cause of action, which was overruled. The defendants, in apt time, excepted to each of these rulings.

The "Special Appearance and Motion to Vacate Injunction" is based on a contention that the restraining order was signed before the commencement of action by issuance of summons in accordance with legal requirements; but, in view of the conclusion reached, it is unnecessary to review the facts relevant to this phase of the appeal.

The complaint, in substance, alleges:

1. The named plaintiffs are residents, qualified voters and property owners in the area of Gaston County just outside the corporate limits of

Gastonia described in Exhibit B; and the defendants are the Mayor and members of the City Council of Gastonia.

2. In an area adjacent to Gastonia, described in Exhibit A of the complaint, an election was held 2 February, 1954, pursuant to G.S. 160-445 *et seq.,* in which a majority of the participating qualified voters in the area cast their ballots in opposition to the proposed annexation.

3. Thereafter, in June, 1954, the defendants, acting as the City Council of Gastonia, proposed that the area adjacent to Gastonia described in Exhibit B be annexed, "which substantially includes the territory described in . . . Exhibit A," and caused notice thereof to be published.

4. "Pursuant to the notice," the City Council held a meeting on 20 July, 1954, at which a petition was filed signed by more than 15% (in fact, by more than 50%) of the qualified voters resident in the area described in Exhibit B requesting a referendum on the question.

5. No action was taken by the City Council at its meeting on 20 July, 1954, but plaintiffs "are informed and believe that on Tuesday night of August 3, 1954, the said City Council, including the defendants herein named, proposes to meet, and at said meeting proposes to annex the territory described in EXHIBIT B, attached hereto, without first holding an election as required by the provisions of G.S. 160-446."

6. "The annexation of the territory therein proposed is unjust, unreasonable, oppressive, dictatorial and arbitrary, and would be for the purpose of unnecessarily subjecting the residents of said proposed area to taxation, not for the extension of the privileges of a City resident to the residents of that area, but solely for the purpose of justifying a bond issue to serve the interests of those residents within the territory of the City of Gastonia as the same now exists."

The prayer for relief is "that an order issue prohibiting and enjoining the City of Gastonia, and specifically the defendants named herein as members of the City Council of the City of Gastonia, from passing any ordinance whereby the territory described in the attached EXHIBIT B shall be annexed without first holding an election in said territory as required by the provisions of G.S. 160-446, and for such other and further relief to which the plaintiffs may be entitled."

The complaint contains other allegations, diverging somewhat from the central theme, such as general allegations that the defendants, acting as such City Council, have been extravagant and wasteful in their management of the affairs of the municipality, and have failed to advertise for bids as required by G.S. 143-129 in connection with the letting of contracts for the installation of sewer lines and for street paving, on which account they find it necessary to issue bonds for additional improvements but are unable to do so except upon augmenting the present valuation of the taxable property by annexing new territory. Too, there is

the incongruous allegation that "the calling of a new election embracing substantially the same territory as that embraced by the proposal set out in EXHIBIT A attached hereto, so soon, is unreasonable, arbitrary, and is a waste of the taxpayers' money."

Defendants appeal from the judgment of the court overruling their demurrer.

*O. F. Mason, Jr., O. A. Warren, and R. G. Cherry for plaintiffs, appellees.*

*L. B. Hollowell for defendants, appellants.*

BOBBITT, J. In the exercise of its power to regulate the extension of the boundaries of a municipality, McQuillin on Municipal Corporations, 3rd Ed., Vol. 2, sec. 7.10 *et seq.*, the General Assembly in 1947 enacted "An Act to Provide for the Orderly Growth and Extension of Municipalities Within the State of North Carolina," ch. 725, 1947 Session Laws, which, now codified as G.S. 160-445 *et seq.*, bears directly upon the question presented for decision.

The procedure requires that the municipal governing body give public notice in manner prescribed, "thus notifying the owner or owners of the property located in such territory," that such governing body will meet to consider passage of an ordinance extending the corporate limits to include adjacent territory described by metes and bounds in such notice. If, at such meeting, a petition is filed with such governing body, bearing the signatures of 15% or more of the qualified voters resident in the area proposed to be annexed, requesting a referendum, "the governing body shall, before passing said ordinance, annexing the territory, submit the question as to whether said territory shall be annexed to a vote of the qualified voters of the area proposed to be annexed," G.S. 160-446. The procedure for the call and conduct of the election is prescribed. G.S. 160-448. The annexation becomes effective only if and when the majority of the qualified voters in the area proposed for annexation who vote in such election cast their ballots "For Extension." G.S. 160-449. There is no provision for any lapse of time between successive proposals for annexation or referenda. 25 N.C.L.R. 453-455.

*In limine,* we note that the municipality pays the costs of such election. G.S. 160-448. Thus, in the event the votes "For Extension" do not constitute a majority of the votes cast in such election, taxpayers within the present corporate limits bear the entire expense of such election. Taxpayers within the present corporate limits are not parties to this action. No question arises here as to their rights.

The statutory requirements relevant here are mandatory. Therefore, there can be no annexation of the area described in Exhibit B, under the

facts alleged, unless and until a majority of the qualified voters in the area proposed to be annexed cast their ballots "For Extension" in an election called and conducted as prescribed; and, in the absence thereof, any attempted annexation by ordinance or otherwise would be void. The gist of the complaint is that the defendants propose to pass at the meeting to be held 3 August, 1954, an annexation statute, which will be in disregard and in violation of the statutory mandate and therefore void.

The question for decision is this: Accepting as true the allegations of the complaint, are the plaintiffs entitled to an order restraining the defendants, as members of the City Council of Gastonia, from passing an ordinance, which, under the facts alleged, would be void? While the precise question seems to be one of first impression in this jurisdiction, the application of recognized general principles to the facts of this case impels a negative answer.

Ordinarily, a court of equity, being vested with judicial, not legislative, powers, has no jurisdiction to interfere with the enactment of an ordinance by the governing body of a municipality in the exercise of powers that are legislative in character. And even when it appears that the proposed ordinance would transcend the legislative powers of the municipal governing body, and would be unconstitutional or otherwise void, a court of equity will intervene and grant injunctive relief only when it appears that irreparable injury will result to plaintiffs from the mere passage of the ordinance as distinguished from injury that may result from the carrying out or enforcement thereof. If the carrying out or enforcement of the ordinance, if and when passed, will cause the injury, it is such conduct on the part of the municipality and its agents that must be enjoined. 43 C.J.S., Injunctions sec. 118; 28 Am. Jur., Injunctions secs. 177 and 178; 14 R.C.L., Injunctions sec. 139; 19 R.C.L., Municipal Corporations sec. 204; 32 C.J., Injunctions sec. 412; Anno.: 140 A.L.R. 439 *et seq.*

Upon the facts alleged, we are unable to perceive how the mere passage of the ordinance, if it should take place as plaintiffs anticipate, would, of itself, cause irreparable injury to plaintiffs. Indeed, the plaintiffs do not so allege, nor do they allege that they have no adequate remedy at law. Irrespective of the availability of an adequate remedy at law, it would seem appropriate, upon the facts alleged, that a court of equity withhold its writ of injunction, "the right arm of a court of equity," until such time as the City of Gastonia, its officials, agents, employees, etc., act or threaten to act in an attempt to effectuate annexation under color of such void ordinance. Ordinarily, equity deals with conduct, actual or threatened, not with how the members of legislative bodies vote. In reaching the conclusion stated, we are mindful of the importance of keeping in proper relation and in careful balance the power and authority vested in

our distinct, coordinate departments of government, legislative, executive and judicial; for, whatever may be the merits of plaintiffs' cause, a contrary rule would open the door to suits to restrain the adoption of ordinances to such extent as to interfere seriously with the proper functioning of the legislative body. Too, a contrary rule, if carried to its logical conclusion, would warrant, if sufficient facts were alleged, judicial restraint of members of the General Assembly from the passage of legislation alleged to be in conflict with provisions of our organic law. This cannot be done.

The complaint, failing to allege that the *passage* of the void ordinance will cause irreparable injury or facts from which such irreparable injury may be implied, was insufficient to entitle the plaintiffs to the injunctive relief sought, even though it is alleged that the present purpose of the defendants, acting as the City Council of Gastonia, is to pass an ordinance beyond the scope of its legislative powers. Should such void ordinance be passed, and should the City of Gastonia, its officials, agents, employees, etc., undertake or threaten action thereunder such as would cause irreparable injury to plaintiffs, the plaintiffs will not be without adequate remedy. It would seem that plaintiffs' action is premature. *Greenville v. Highway Com.,* 196 N.C. 226, 145 S.E. 31; *Ponder v. Board of Elections,* 233 N.C. 707, 65 S.E. 2d 377.

Statutes providing for the annexation of adjacent territory vary greatly in the several states, McQuillin, op. cit., sec. 7.28, and decisions in other jurisdictions must be considered against the background of the particular statutes. Thus, under certain of these statutes, the annexation proceeding is initiated by a petition signed by a designated number of interested parties, followed by an election, etc., and thereafter, as the final step, the ordinance is adopted. This variance in statutory provisions may account in part for the conflict in other jurisdictions as to whether the validity of an annexation proceeding may be challenged in an action by citizens and taxpayers to obtain injunctive relief or whether challenge thereof can be made only by the state in *quo warranto* proceedings. McQuillin, op. cit., sec. 7.43.

The acts of the defendants, as members of the City Council, would have significance only to the extent they are deemed to be the acts of the City of Gastonia. Should the plaintiffs' apprehension as to the passage by defendants of a void ordinance prove well-founded, it would seem that the City of Gastonia would be a necessary party to any action wherein the relief sought is to restrain its officials, agents, employees, etc.

For the reasons stated, the judgment overruling the demurrer must be reversed. This necessitates reversal of the order denying defendants' motion to dissolve the temporary restraining order. *Temple v. Watson,* 227 N.C. 242, 41 S.E. 2d 738. It is so ordered.

Reversed.