MRS. RAYMOND ADAMS, DR. C. T. JOHNSON, H. D. JONES, AND MISS MARY McEACHERN v. FLORA MACDONALD COLLEGE, A CORPORATION.

(Filed 31 January, 1958.)

1. **Pleadings § 19c—**

Upon demurrer for failure of the complaint to state a cause of action, the pleading must be liberally construed to ascertain if, upon the facts alleged, plaintiffs have a cause of action.

2. **Colleges § 2—**

Where title to the property of a college is vested in the educational corporation, but the Presbyteries of the denomination are the beneficial owners thereof and control the college through trustees elected by them, the officers or the trustees of the corporation have no legal rights they may assert against the owning and controlling Presbyteries.

3. **Same—**

Where the Presbyteries of a denomination are the beneficial owners of the property of an educational corporation and in control thereof through trustees elected by them, the resolution of the Synod of the denomination directing the merger of the college with two other educational institutions is recommendatory only and in itself cannot constitute the basis of an action to enjoin such merger.

4. **Same—**

Where Presbyteries of a denomination direct three denominational colleges to merge, members of the board of trustees of one of such educational institutions cannot maintain an action to enjoin the merger on the ground that it was conditioned upon the merger of all three institutions and that one of such institutions had refused to join the merger, there being no allegation of any action undertaken or threatened towards the consummation of a merger which did not include all three institutions.

5. **Injunctions § 1a—**

Injunction will not lie to restrain a particular course of conduct which has neither been undertaken nor threatened.

6. **Colleges § 2—**

Whether denominational colleges should be maintained separately or should be merged is a question for the religious organizations owning and controlling such colleges and not for the courts.

7. **Pleadings § 17—**

G.S. 1-128 applies to all demurrers, written or oral, and if the grounds for demurrer are not distinctly specified, it may be disregarded.

8. **Appeal and Error §§ 2, 7—**

A defendant may demur *ore tenus* in the Supreme Court or the Court may take cognizance of the failure of the complaint to state a cause of action *ex mero motu*.

**9. Appeal and Error § 7: Pleadings § 17—**

If the demurrer in the lower court for failure of the complaint to state a cause of action fails to state the grounds therefor, but the demurrer *ore tenus* filed in the Supreme Court sufficiently specifies the grounds of objection, the deficiency is supplied.

**10. Appeal and Error § 1—**

Where the judgment of the lower court is correct, it will be affirmed irrespective of the grounds upon which the judgment was entered.

**11. Pleadings § 20½—**

Where the allegations of the complaint affirmatively disclose that plaintiff has no cause of action, the cause should be dismissed upon demurrer, but where there is a defective statement of a good cause of action, the complaint is subject to amendment, and the action should not be dismissed until time for obtaining leave to amend has expired. G.S. 1-131.

**12. Injunctions § 8—**

Where the complaint, in an action for a restraining order, contains a defective statement of a good cause of action, judgment sustaining demurrer should not dismiss the action, but should dissolve the temporary restraining order.

APPEAL by plaintiffs from judgment signed August 12, 1957, by *Nimocks, J.,* Presiding Judge of the Sixteenth Judicial District, in action pending in ROBESON Superior Court.

Plaintiffs' action is for an injunction "perpetually, permanently and forever enjoining the defendant, its trustees, officers, representatives, agents and employees from merging or consolidating . . . Flora Macdonald College with any other college or colleges or otherwise abandoning, abolishing or terminating . . . Flora Macdonald College and its maintenance and operation or in anywise interfering with or impairing the operation and expansion of said college."

On July 1, 1957, the date the action was instituted, Judge Nimocks, in accordance with plaintiffs' petition therefor, signed an *ex parte* temporary restraining order; also, an order that defendant appear before him on July 15, 1957, and show cause why the restraining order should not be continued until the trial.

At the hearing on July 15, 1957, the defendant appeared and demurred *ore tenus* to the complaint on the ground that it did not allege facts sufficient to constitute a cause of action.

The judgment entered by Judge Nimocks on August 12, 1957, from which plaintiffs appeal, (1) sustained defendant's said demurrer *ore tenus,* (2) dismissed the action, and (3) taxed plaintiffs with the costs.

Plaintiffs made the attached exhibits, which are alleged to be copies of the original charter and successive amendments thereof,

integral parts of the complaint. When so considered, the following are plaintiffs' pertinent factual allegations:

1. Defendant, a non-stock educational corporation, maintains and operates Flora Macdonald College, Red Springs, North Carolina.

2. Plaintiffs are members of defendant's board of trustees. In addition to their "official and fiduciary responsibility to said College," each plaintiff has made "financial contributions to said College," "has a personal . . . interest in said College and in the service it has rendered and is able to render, and has benefited by the operation of said College . . ."

3. According to its original charter (Private Laws of 1897, Ch. 210) the corporation was created "for the purpose of maintaining a school of high grade in the town of Red Springs, in the county of Robeson, for the intellectual, moral and religious development and training of young ladies, under the name and style of Red Springs Seminary." Provision was made for the management of its affairs by a board of trustees to be elected by Fayetteville Presbytery of the North Carolina Synod of the Presbyterian Church. It was provided (1) that "the board of trustees of said corporation shall not have the power to mortgage or sell any of the real estate belonging to the same, without first having obtained the consent and permission of Fayetteville Presbytery," and (2) that "all bequests and donations to the seminary shall be the property of Fayetteville Presbytery."

4. In 1903, the corporate name was changed from Red Springs Seminary to Southern Presbyterian College and Conservatory of Music, Inc., and the number of trustees was increased.

5. In 1907, the General Assembly (Private Laws of 1907, Ch. 121) enacted that Ch. 210, Private Laws of 1897, the original charter, "be amended so as to read as follows"; and the "Southern Presbyterian College and Conservatory of Music" was declared "to be a body politic and corporate" and a complete new charter for the corporation was provided. It was provided that "all property of every kind, both real and personal, now standing in the name of the trustees of Red Springs Seminary, or in the name of the trustees of the Southern Presbyterian College and Conservatory of Music, shall, by this act, and without further transfer, belong to and the title thereto be vested in this corporation." It was further provided that "the said corporation shall be controlled and governed by a board of trustees composed of twenty-four members, twelve of whom shall be elected by Fayetteville Presbytery and twelve by Orange Presbytery, of the Presbyterian Church in the United States: Provided, that by consent of the said two Presbyteries any other Presbytery or Presbyteries of the said church may be admitted into full par-

ticipation in the ownership, government and control of the said corporation without amendment to this charter; and the Presbyteries in control at the time of the admission of any other Presbytery may enlarge or diminish the number of trustees, and may by resolution prescribe the number to be elected by each governing Presbytery and the terms of office of such trustees." It was further provided that "the said corporation shall maintain and conduct, at some place in North Carolina, a college of high grade for the education of women."

6. In 1915, the 1907 charter was amended in two respects, viz.: (1) the corporate name was changed from Southern Presbyterian College and Conservatory of Music to Flora Macdonald College, and (2) it was provided "that the said Presbyteries (Fayetteville and Orange) may elect not more than six additional trustees who may or may not be residents of said Presbyteries, and if such additional trustees are elected, each of the controlling Presbyteries shall elect an equal number thereof."

7. Fayetteville, Orange and Wilmington Presbyteries "are now interested in said corporation and said college." (The nature and extent of the interest of Wilmington Presbytery is not alleged.)

8. "On July 13, 1955, the Presbyterian Synod of North Carolina, adopted a Resolution looking to the establishment of a Senior Co-educational College in the Eastern Section of North Carolina by the consolidation and merger of the said Flora Macdonald College, Peace College in Raleigh, North Carolina, and Presbyterian Junior College for Men in Maxton, North Carolina, ... and by said Resolution the Synod called upon the Presbyteries of Fayetteville, Orange and Wilmington, to approve the Synod proposal of such a consolidated college and to direct the Trustees of the said Flora Macdonald College to merge or consolidate into the said educational corporation."

9. Thereafter, the Fayetteville, Orange and Wilmington Presbyteries, concurred in the Synod's said resolution relating to the merger or consolidation of said three colleges.

10. "The consideration and the only consideration" of and for the Synod's resolution and the concurrence of the three Presbyteries, so plaintiffs allege, "being the merger and the consolidation of the three said colleges into a single corporation and a single college."

11. "15. The plaintiffs are informed and believe, and they therefore allege, that Peace College will not join in said merger or consolidation and that Peace College has so acted and stated, and the plaintiffs allege that such action on the part of Peace College, and said fact that Peace College will not join in said merger or consolidation, invalidates the Synod's proposal and

resolution for the merger of the three said colleges and invalidates the concurrence in such proposal and resolution of each of the three said Presbyteries of Fayetteville, Orange and Wilmington, the sole consideration of and for said Synod resolution and of and for the three said concurring resolutions of the three said Presbyteries failing with Peace College out of said merger, said consideration being as aforesaid, for the three said colleges to merge into a single corporation and college, and the plaintiffs allege that because of such fact and such action on the part of Peace College, the defendant herein has no reason and no right, in law or in equity, to proceed or to undertake to proceed toward a merger with the termination of Flora Macdonald College thereby and that the defendant should not be permitted to do so."

12. "18. The plaintiffs are informed and they believe and they, therefore, allege that on June 26, 1957, the Presbyterian Synod of North Carolina adopted a resolution purporting to empower and direct the trustees of Flora Macdonald College, the trustees of Peace College, Inc., and the trustees of Presbyterian Junior College for Men, Inc., to proceed immediately with the execution of an Agreement of Consolidation which will accomplish the merger and consolidation of said three corporations into a single new corporation and take all other steps and execute all other documents which will aid or facilitate such merger and consolidation."

Plaintiffs assign the entry of said judgment as error.

*Douglass & McMillan for the plaintiffs, appellants.*
*Smith, Leach, Anderson & Dorsett for defendant, appellee.*

BOBBITT, J. The demurrer tests the sufficiency of the complaint. The rules applicable have been often stated and are well settled. *Pressly v. Walker*, 238 N.C. 732, 78 S.E. 2d 920, and cases cited. Our task is to determine whether plaintiffs, upon the *facts* alleged, liberally construed in their favor, have a cause of action.

The complaint and exhibits show that, while legal title to the property vests in defendant, the Fayetteville, Orange and Wilmington Presbyteries of the North Carolina Synod of the Presbyterian Church in the United States are the beneficial owners of defendant, and through trustees elected by them are in possession and control of its property and assets. As to this, plaintiffs' Exhibit D is explicit; and we find nothing in plaintiffs' allegations or exhibits in conflict therewith. No facts are alleged to support a contention that the defendant, its officers or trustees have any legal rights they may assert *against* the owning and controlling Presbyteries.

ADAMS *v.* COLLEGE.

There is no need to determine whether the establishment, maintenance and operation of "a Senior Co-educational College in the Eastern Section of North Carolina" would be a material variance or departure from the provision in the 1907 charter that defendant "shall maintain and conduct, at some place in North Carolina, a college of high grade for the education of women." Should there be a properly authorized consolidation, the corporate powers of the consolidated corporation will be as set forth in its charter.

Plaintiffs are explicit in their allegations that the Fayetteville, Orange and Wilmington Presbyteries have authorized the consolidation of three colleges, to wit, Flora Macdonald, Peace and Presbyterian Junior. There is no allegation that the three Presbyteries have authorized the defendant to participate in any other consolidation.

Plaintiffs do allege, upon information and belief, that Peace will not join in the consolidation. If so, upon the facts alleged, the consolidation authorized by defendant's three controlling Presbyteries cannot be consummated; for defendant has no authority to enter any consolidation except a consolidation of Flora Macdonald, Peace and Presbyterian Junior colleges.

We advert to plaintiffs' allegation that the Synod on June 26, 1957, adopted a resolution *"purporting* to empower and direct" (Italics added) the trustees of Flora Macdonald, Peace and Presbyterian Junior colleges "to proceed immediately with the execution of an Agreement of Consolidation which will accomplish the merger and consolidation of said three corporations into a single new corporation . . ." Aside from the fact that this resolution, as alleged, refers solely to a consolidation of the *three* colleges, *the three Presbyteries,* not the Synod, own and control Flora Macdonald College. Upon the facts alleged, resolutions of the Synod are recommendatory, not authoritative.

Thus, upon the facts alleged, it appears: (1) the three controlling Presbyteries have authorized a consolidation that includes Peace as well as Flora Macdonald and Presbyterian Junior; (2) Peace will not join in the consolidation; and (3) defendant has no authority to enter into a consolidation agreement that does not include Peace. Hence, presently there is a deadlock.

Conceding plaintiffs' status as trustees would entitle them to enjoin a consolidation by defendant undertaken or threatened by its officers or by its trustees in violation of the authority conferred by the three Presbyteries, plaintiffs do not allege that defendant's officers or trustees have undertaken or threatened such action. Nor do plaintiffs allege that defendant's officers or trustees have undertaken or threatened any action whereby the

present operation of Flora Macdonald College will be discontinued. Indeed, plaintiffs, who as trustees presumably have knowledge of all relevant facts, make *no* allegations as to what, if anything, the officers or trustees of defendant have done.

In 43 C.J.S., Injunctions Sec. 21, this statement, apposite here, appears: ". . . an injunction will not lie to restrain one from doing what he is not attempting and does not intend to do . . ." Since the facts alleged disclose no unlawful action or threatened unlawful action by defendant's officers or trustees, the complaint fails to allege facts sufficient to constitute a cause of action.

Plaintiffs allege facts relating to the value of defendant's property, the adequacy of its financial support, its traditions and record of service, the interest and loyalty of its alumnae and friends, etc. Based thereon, they argue forcefully and eloquently that Flora Macdonald College should be allowed to operate at Red Springs, North Carolina, substantially as heretofore, without involvement, now or later, in any merger or consolidation that would materially affect the *status quo.* Suffice to say, whether the consolidation presently authorized or any other consolidation that may be authorized is wise or prudent is for determination by the three controlling Presbyteries, not by the court. The aid of the court may be invoked only to redress or to prevent injury caused or threatened by *unlawful* conduct.

Whether G.S. 55-171, 172 and 173, which relate expressly to the consolidation of "any two or more . . . educational . . . corporations not under the patronage and control of the State," have been repealed or superseded, in whole or in part, by the Business Corporation Act (Ch. 1371, Session Laws of 1955) or by the Non-Profit Corporation Act. (Ch. 1230, Session Laws of 1955), both effective on and after July 1, 1957, does not arise on this appeal.

If, as plaintiffs contend, defendant did not "distinctly specify the grounds of objection to the complaint," "it might well have been disregarded" by the court below. *Griffin v. Bank,* 205 N.C. 253, 171 S.E. 71. G.S. 1-128 applies to all demurrers, written or oral. *Seawell v. Cole,* 194 N.C. 546, 140 S.E. 85. But, as stated by Varser, J., in *Snipes v. Monds,* 190 N.C. 190, 129 S.E. 413: "Even after answering in the trial court, or in this Court, a defendant may demur *ore tenus,* or the Court may raise the question *ex mero motu* that the complaint does not state a cause of action." Also, see G.S. 1-134; *Garrison v. Williams,* 150 N.C. 674, 64 S.E. 783, and cases cited.

Since defendant has sufficiently specified its grounds of objection to the complaint in its demurrer *ore tenus* filed in this Court, it becomes immaterial that the record does not show the grounds of objection, if any, presented to and considered by

Judge Nimocks. It appearing that the demurrer should be sustained, Judge Nimocks' ruling to that effect is affirmed.

However, we are constrained to hold that it was error to dismiss the action. Where there is a defective statement of a good cause of action, the complaint is subject to amendment; and the action should not be dismissed until the time for obtaining leave to amend has expired. G.S. 1-131. But where there is a statement of a defective cause of action, final judgment dismissing the action should be entered. *Mills v. Richardson*, 240 N.C. 187, 81 S.E. 2d 409, and cases cited. But a final judgment dismissing the action should be entered only if the allegations of the complaint *affirmatively disclose* that there is a defective cause of action, i.e., that the plaintiff has no cause of action against the defendant. *Scott v. Veneer Co.*, 240 N.C. 73, 81 S.E. 2d 146.

While, for the reasons stated, plaintiffs have not alleged facts sufficient to constitute a cause of action, yet it cannot be said that it appears affirmatively from the presently alleged facts that plaintiffs have no cause of action against the defendant. We do not intimate that there are facts, not presently alleged, which would be sufficient in law to constitute a cause of action. We simply hold that the procedure prescribed by G.S. 1-131 is applicable.

While it was error to dismiss the action, the judgment sustaining the demurrer should have dissolved the temporary restraining order. *Temple v. Watson*, 227 N.C. 242, 41 S.E. 2d 738. It is so ordered. *Rheinhardt v. Yancey*, 241 N.C. 184, 189, 84 S.E. 2d 655.

The result: The judgment, in respect of the sustaining of defendant's demurrer, is affirmed; but the portion of the judgment which dismisses the action and taxes plaintiffs with costs is reversed.

As to ruling on demurrer, judgment affirmed; as to dismissal of action, judgment reversed.