HAROLD BARRETT AND JIMMY PERSON, ON BEHALF OF THEMSELVES AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED WITH A COMMON OR GEN-ERAL INTEREST, v. CITY OF FAYETTEVILLE, NORTH CAROLINA.

(Filed 21 May, 1958.)

**1. Signatures—**

A signature written by another at the request or with the consent of the person whose signature it purports to be, is effective.

**2. Municipal Corporations § 3—**

Where it appears from the evidence that some of the signers of a pe-tition for a referendum on the question of annexation of territory by a municipality also affixed the names of their spouses to the petition, but that each spouse did and does regard and adopt such signature as his or her own, such signatures should be counted, and when the petition, in-cluding such names, contains the names of more than 15 per cent of the qualified voters of the territory sought to be annexed, attempted annexa-tion of such territory by the municipality without a referendum is inef-fective. G.S. 160-446.

APPEAL by defendant from *Nimocks, J.,* April Term 1957 of CUMB-ERLAND.

The plaintiffs seek to restrain the defendant City of Fayetteville, its officials, agents, servants and employees, from exercising any gov-ernmental control or jurisdiction over the area described in the com-plaint, which area the said City purported to annex by ordinance on 11 October 1956.

The pertinent facts as stipulated by the parties and found by the court are as follows:

1. That at the regular meeting of the City Council of Fayetteville held on Monday, 20 August 1956, a petition was filed by about 535 residents for the annexation by the City of Fayetteville of the con-tiguous territory described by metes and bounds in the complaint. At said meeting it was ordered by the City Council that a public hear-ing be held on the question of such annexation at the regular meeting of the City Council on Monday, 24 September 1956.

2. That notice of such hearing was duly advertised, and at the meeting on 24 September 1956 a petition was filed pursuant to the provisions of G.S. 160-446, purportedly signed by 213 persons opposing such annexation and requesting a referendum. The petition was referred to a committee composed of one person seeking the annexation of the area, one person seeking a referendum, and the City Clerk, to ascertain whether 15% of the qualified voters resident in the area had signed the petition requesting a referendum, and the matter was continued until the regular meeting of the Council on 11 October 1956.

3. That at the meeting held on 11 October 1956, the City Council made findings as follows: (a) That 583 qualified voters were resident in the area proposed to be annexed. (b) That 15% of said number is 87.45. (c) That 213 names were on the petition requesting a referendum filed with said City Council at the meeting held on 24 September 1956; that 93 of these names were not registered voters; that 12 of these names were persons who lived outside the area under consideration for annexation; that 13 of these names were not actually affixed by the 13 persons named, leaving 95 names on the petition requesting a referendum unquestioned.

4. That at said meeting on 11 October 1956 and before final action on the question of annexation, proponents of annexation filed an affidavit of 15 persons whose names appeared on the petition requesting a referendum, asking that their names be withdrawn from said petition and the withdrawal of these names was allowed by the City Council, leaving 80 names. Whereupon, the City proceeded to adopt an ordinance annexing the area involved.

5. The court found these additional facts: That at said meeting on 11 October 1956 and before final action on the question of annexation, affidavits were filed by 12 of the parties whose names had been affixed to the original petition requesting a referendum, by others (and whose names had been eliminated by the City Council), asking that their names be counted on the petition opposing annexation and requesting a referendum for reasons set forth in said affidavits; that if counted these 12 would increase the number of names to 92.

6. That of the 15 persons asking by affidavit that their names be withdrawn from the petition requesting a referendum, only 14 should be withdrawn and one, James Barfield, should not be allowed as he had asked in one affidavit that his name be counted and asked in another affidavit that his name be withdrawn. Deducting 14 names from the 95 counted leaves 81 names.

7. That of the 12 persons appearing on the petition requesting a referendum who asked by affidavit that their names be counted, 9 should be counted; that adding the 9 names that should be counted to

the 81 names, made a total of 90 names appearing on the petition requesting a referendum, that should be counted.

8. The court found that when the proper names were counted and deducted as aforesaid, 90 names remained, which is more than 15% of 583, the number of qualified voters resident in the area involved; that the petition signed by more than 15% of the qualified voters resident in the area proposed to be annexed was duly filed pursuant to the provisions of G.S. 160-446.

Upon the foregoing findings of fact, the court concluded as a matter of law that a petition was signed by more than 15% of the qualified voters resident in the area proposed to be annexed at the advertised meeting of 24 September 1956 and that therefore the City Council was without authority to adopt the ordinance annexing the contiguous territory in question and that said annexation is illegal. Whereupon, the court entered judgment out of term on 31 December 1957 declaring the ordinance void and of no binding force or effect, and permanently restrained the City of Fayetteville from exercising any governmental authority or control over said area.

The defendant appeals, assigning error.

*D. S. Carter, MacRae, Cobb & Berry for plaintiff, appellees.*
*Robert H. Dye for defendant, appellant.*

DENNY, J.  The defendant assigns as error the findings that nine of the twelve persons whose names were placed on the original petition by someone other than by the persons named should be counted as valid signatures, and that 90 names appearing on the original petition requesting a referendum should be counted.

Each one of the nine persons referred to above filed an affidavit with the City Council of the City of Fayetteville on 11 October 1956 setting forth that his or her name was signed to the petition in opposition to the annexation of the area involved by the City of Fayetteville, by his wife or her husband, as the case might be, in his or her presence, and at his or her instruction, direction, and request; that at the time of signing and at the present time, he or she did and does regard and adopt such signatures as his or her own; that the affidavit was given for the purpose of having the City Council of the City of Fayetteville count his or her signature in checking said petition.

In 80 CJS., Signatures, section 6, page 1291, et seq., it is said: "Generally, a signature may be made for a person by the hand of another, acting in the presence of such person, and at his direction, or request, or with his acquiescence, unless a statute provides otherwise. A signature so made becomes the signature of the person for whom it is made, and it has the same validity as though written by him."

In this jurisdiction it is permissible for one to sign his name by himself "or sign by the adoption of his name as written by another, or he may make his mark, even though he may not be able to write himself." *Lee v. Parker,* 171 N.C. 144, 88 S.E. 217. But the signature, if written by another, must be made at the request or with the consent of the person whose signature it purports to be. *Lee v. Parker, supra.*

Likewise, in *S. v. Abernethy,* 190 N.C. 768, 130 S.E. 619, Stacy, C. J., speaking for the Court, said: "Not only may the signature be anywhere, unless otherwise provided by statute, but it is also permissible in the absence of an enactment controlling the matter, for the maker either to sign the instrument by affixing his own signature, or to adopt a signature written for him by another." See also *Devereux v. McMahon,* 108 N.C. 134, 12 S.E. 902, 12 LRA 205.

In light of the pleadings, stipulations, affidavits, and minutes of the City Council of the City of Fayetteville, as appear of record, the findings to the effect that the respective names of the nine persons whose names had been signed to the original petition requesting a referendum, by another, should be counted, thereby making a total of 90 names on the petition which should be counted, are amply supported by the evidence and such findings, as well as the conclusions of law based thereon, must be upheld.

Thus it appears that the area in controversy cannot be annexed by the City of Fayetteville unless and until a majority of the qualified voters in the area proposed to be annexed cast their ballots in favor of such annexation in an election called and conducted as prescribed by statute. *Rheinhardt v. Yancey,* 241 N.C. 184, 84 S.E. 2d 655.

The judgment of the court below is
Affirmed.